GARY
*vs.*
SANDOZ.

=====

### GARY *vs.* SANDOZ.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. MARTIN.

The mere fact of a person's dying in another parish, is not conclusive that
　his succession ought to be opened and administered there, or that it
　ought not to be administered in another parish where from an inventory
　the deceased left property.

When a succession has already been opened and partially administered in
　a parish where the deceased left property, the former proceedings will be
　considered as *prima facie* evidence of the facts necessary to base the
　jurisdiction on an application to continue and complete the administra-
　tion in the same place.

This case comes up in the form of an opposition to the defendant's application to be appointed administrator of the estate of Jean Pierre Descuirs, deceased.

The defendant, David F. Sandoz, presented his petition to the judge of probates of the parish of St. Martin ; showing that there was property belonging to Descuirs' estate, not administered in said parish ; that it was the desire of the heirs and creditors that it be administered, and he prayed to be appointed administrator.

The application was published according to law.

Gary, the plaintiff in opposition, presented his petition, objecting to the appointment of the defendant or any other person, as administrator ; alleging that Descuirs' succession was not vacant ; that he died in New-Orleans, the place of his domicil, and left no property in this parish ; and that his succession is not opened here.

The evidence showed Descuirs' succession had been administered in part by F. Beauvais, in the parish of St. Martin, who had been qualified as administrator, and taken an inventory, but died before he completed his administration. The present application is made that it may be completed. The whole proceedings in appointing Beauvais, and the inventory, all had in the parish of St. Martin, were produced in evidence.

The probate judge was, however, of opinion he was without jurisdiction and dismissed the application. The defendant appealed.

*Morse*, for the plaintiff, insisted that the defendant failed to establish a right to open the succession of Descuirs, in St. Martin, when it was admitted he died in New-Orleans, the place of his domicil. *Code of Practice, article 928.*

2. It is not shown that there is any property of the deceased in St. Martin, on which to administer ; at least, any existing there at the time of this application.

*Voorhies*, for the defendant, contended that the plaintiff had no right to interfere in this matter ; not being a creditor.

That the succession of Jean Pierre Descuirs had been opened and partially administered in the parish of St. Martin, by François Beauvais, who had died, and it was necessary to complete the administration.

*Simon J.*, delivered the opinion of the court.

The only question submitted to our consideration in this case is, whether the judge of probates of the parish of St. Martin, decided correctly in refusing to entertain jurisdiction of the application made by the appellant, to be appointed administrator to the estate of J. P. Descuirs, deceased, and in rejecting said application.

The record presents the following facts : Descuirs died in New-Orleans ; the period of his death is not shown. In October 1831, his beneficiary heirs presented a petition to the Court of Probates of the parish of St. Martin, alleging that his succession was opened in said parish, and praying that an inventory of the property of the estate be made, and that an administrator be appointed. The judge *a quo, then* entertained jurisdiction ; the inventory was ordered and made accordingly, and on a further application made by Beauvais, one of the heirs, he was appointed administrator to the succession of Descuirs, stated in the order to be " late of the parish aforesaid, deceased ;" Beauvais took his oath and gave his bond as administrator, and proceeded as such to administer on the estate. Some time afterwards, Beauvais died, and the estate of Descuirs remained unadministered and unliquidated for a number of years, when in February 1840, the appellant, Sandoz, presented a petition to the court *a quâ*, alleging that Descuirs' estate had been opened for some time in said parish, that the property inventoried had never been disposed of, that the debts had never been discharged, and prayed to be appointed administrator. Before the expiration of the ten days, a third person who shows no interest in the estate, made opposition to Sandoz's application, suggesting to the court that the deceased had his principal domicil in New-Orleans, where he died, and that he had left no property in the parish of St. Martin. The judge of probates,

WESTERN DIST.
September, 1840.

GARY
vs.
SANDOZ.

The mere fact of a person's dying in another parish, is not conclusive that his succession ought to be opened and administered there, or that it ought not to be administered in another parish, where, from an inventory, the deceased left property.

Where a succession has already been opened and partially administered in a parish where the deceased left property, the former proceedings will be considered as *prima facie* evidence of the facts necessary to base the jurisdiction on an application to continue and complete the administration in the same place.

without any proof but an admission found in the record, that Descuirs had died in New-Orleans, was of opinion that he could not entertain jurisdiction of the application, and rejected it. From this judgment the applicant appealed.

The mere fact of Descuirs' death in New-Orleans, is not, in our opinion, sufficient to authorize us to conclude that his estate ought to be opened there, or that it ought not to be opened in the parish of St. Martin, where, from the inventory, it is shown he left property. It is true, that if a deceased person had no fixed residence in the state, his estate should be opened in the parish in which he died, unless, if he have effects in different parishes, his principal property be in another parish. *Louisiana Code*, 929 ; *Code of Practice, article* 929. But it is equally true, that although Descuirs died in New-Orleans, he may have had his domicil in St. Martin, or he may have owned no property in any other parish. Perhaps, if this were the first application for the administration of Descuirs' estate, it would have been incumbent on the appellant to show such facts as are legally necessary to authorize the judge *a quo* to entertain jurisdiction ; but when we have before us the proof that the estate had already been opened in St. Martin, that legal proceedings had been had in relation thereto, and that an administrator had been appointed and qualified there, we may fairly presume that the judge of probates did not take jurisdiction without being satisfied that he had a right to do so. We are disposed to consider the former proceedings as *prima facie* evidence of the facts on which the right of jurisdiction is based ; and as, in our opinion, the present application s but a continuation of the first proceedings, it would reqv very strong proof on the part of any opponent, to desti heir legal effect, and to treat them as nullities.

Under this view of the question, we think the judge *a quo* erred in refusing to maintain his jurisdiction, and in dismissing the appellant's application.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed ;

that the plea to the jurisdiction be overruled; that the judge of the Court of Probates proceed to take cognizance of the appellant's petition, and that this case be remanded for further proceedings, the appellee paying costs in this court.