## F. S. GOODE, Administrator, *v.* T. BUFORD.

The surety on the administrator's bond will be held liable for money set down on the inventory as part of the estate, although it is shown that the administrator received it in a fiduciary capacity before his appointment.

APPEAL from the District Court of the Parish of Terrebonne, *Roman*, J. *Goode & Aycock*, for plaintiff. *Connolly & Rightor*, for defendant and appellant.

MERRICK, C. J. *Joseph A. LeBlanc*, former Recorder of the parish of Terrebonne, applied, on the 23d of June, 1855, for letters of administration upon the estate of one *Anson Lauterman*, deceased, and that an inventory might be taken. On the 26th day of the same month, *LeBlanc*, acting in his capacity of Recorder, took an inventory of the effects of the succession, wherein he set down, among other things, the money on hand, amounting to $515 85. This money he took into his possession at the time of taking the inventory.

*LeBlanc* was appointed curator of *Lauterman's* succession, and on the tenth day of July, gave bond as such, with the defendant as his surety. *LeBlanc* died before settling his account as curator, and *J. A. Gagné* was appointed administrator of *LeBlanc's* succession, while the plaintiff, *Goode*, was appointed administrator of *Lauterman's* estate.

*Goode* instituted an action against both *J. A. Gagné*, administrator, and *Buford*, surety of *LeBlanc*, on the bond ; but the action was dismissed as premature as to *Buford*, the surety. The suit against the administrator resulted in a judgment against *LeBlanc's* succession for $741 31, and an execution having been issued, was returned *nulla bona*. Thereupon, the suit was renewed against the surety and judgment rendered against him for the same amount as had been rendered against *Gagné*, the administrator. The surety appealed.

The record contains a bill of exception to the refusal of the District Judge to grant a new trial. We do not understand the counsel to insist upon the bill of exception before this court. Certainly an error of law into which a party had fallen in shaping his defence, would not, as a general rule, be a valid ground for a new trial.

The controversy in this court is confined to the cash received by the Recorder when he took the inventory, and before he gave bond as curator. The defendant contends that *LeBlanc* was insolvent, and that having received the funds before

he was appointed curator, the sureties for him, in the capacity which he bore when he received the money, and in virtue of which he received it, are alone responsible ; and that the language of the bond itself imports an obligation of suretyship for future management only, and cannot be held to have a retroactive effect.

GOODE<br>v.<br>BUFORD.

The condition of the bond was, that the curator should well and truly perform all the duties incumbent on him as such curator, and pay over whatever moneys should be coming to the lawful heirs of said estate, after the payment of all the just debts of said estate, whenever lawfully required (so) to do. This bond, which substantially embraces the requirements of the Code (see Arts. 1034, 1119), was based upon the inventory which contained the item of cash on hand as forming part of the assets. Nothing prevented the surety from examining the bond and ascertaining for himself for what things the principal was binding himself. In the absence of proof, it cannot be supposed that in the interval between the taking of the inventory and the giving of bond, the Recorder, *LeBlanc*, had committed the crime of embezzlement of a fund, for the administration of which he was applying to the court for power, but it must be presumed that he still continued to hold the same, and that when he was qualified as curator, it was in his hands *in specie*. *Coussy* v. *Vivant*, 12 An. 46.

The case of *Parmele & Baker* v. *Brashier*, 16 La. 74, is cited to prove that the surety is not liable for moneys which the principal had received before the the date of the bond. The reasoning of the court in that case was in reference to one of three annual bonds which the curator was obliged to give prior to the Act of 1837, on each renewal of his office. It does not appear to be applicable to a case like the present.

We conclude, therefore, that the cash in the hands of the administrator at the time of his appointment and inventoried, must be considered as subject to administration and covered by the bond given for the fidelity of the administration of the curator.

Judgment affirmed.