**THOMAS ET ALS. *vs.* DIXON**

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE
FIFTH PRESIDING.

An attachment will not lie against property in the parish of Rapides, when the defendant resides, and personal service of a citation is made on him in another parish, although the affidavit states he is about permanently to leave the state.

The defendant residing in one parish, the District Court of another jurisdiction cannot take cognizance of a suit against him. Jurisdiction is denied to all courts but those of the defendant's domicil; unless expressly given by the Code.

This suit commenced by attachment. The plaintiffs claim a balance of one thousand six hundred dollars, due on the purchase of a tract of land in the parish of Rapides, which was purchased by the defendant at the sale of the succession of William Waters, in 1825. The plaintiff, since the sale, purchased the debt at sheriff's sale, under two executions against the widow and heirs of Waters's estate. The plaintiffs obtained an attachment in the parish of Rapides, on the ground that Dixon, who resides in New-Orleans, was about permanently to leave the state, not to return. They pray for an attachment against all his property, debts, credits and effects, and that sufficient property may be sold to satisfy their demand.

On the trial an attorney was appointed to represent Dixon as an absent defendant, who filed exceptions to the action and declined answering:

1. Because the facts set forth in the petition and affidavit are not according to law.

2. The defendant is now, and has been for some time past, a resident of the parish of New-Orleans, and that process should follow the domicil of the defendant.

3. No copy of the petition has been served on the attorney of the defendant as the law requires.

He prays that the attachment be dissolved and the suit dismissed at the plaintiffs' cost.

There was judgment for the defendant accordingly.

It was proved that the defendant had resided in New-Orleans for the last five years. The plaintiffs in fact allege in their replication to the exceptions, that personal service of a citation was made on the defendant in New-Orleans.

*Thomas*, for the plaintiffs.

1. This case went off in the court below on a plea to the jurisdiction—the defendant claiming his domicil in New-Orleans.

2. The appellants contend that the allegation on which their attachment is founded, is that the defendant was about permanently to depart from the state ; and that unless this allegation be disproved (but which is not at issue in the exceptions) the defendant has no right to come in as in ordinary suits, and plead an exception. *Code of Practice, art.* 258.

*Barry*, for the defendant.

1. The attachment suit in this case cannot be sustained, because the process should follow the domicil of the defendant, who was a resident of New-Orleans. *Code of Practice, articles* 162, 167.

2. Because there is no authority to issue a citation to another parish, except in the cases provided for by law. *Code of Practice, articles* 163—6.

3. The plaintiffs have not brought their case within either of the provisions of the law above cited, and consequently the attachment must be dismissed.

*Martin, J.* delivered the opinion of the court.

This is a suit by attachment. The plaintiffs having made oath that the defendant, who resides in New-Orleans, is indebted to them ; and they are informed that he is about to leave the state before judgment may be obtained or executed against him in the ordinary course of legal proceedings.

A citation issued, directed to the sheriff of the parish of New-Orleans, who returned it duly served, and a writ of

attachment issued to the sheriff of the parish of Rapides, who seized thereon a tract of land of the defendant in this parish.

WESTERN DIST·
October, 1831.

THOMAS ET ALS.
*vs.*
DIXON.

The court sustained a plea in abatement, that the defendant was suable in the parish of New-Orleans, in which he had his domicil. The suit was dismissed, and the plaintiffs appealed.

The appellants' counsel has contended that the defendant was only entitled to have the attachment dissolved by disproving facts alleged in the petition, and has relied on the *Code of Practice, article* 258.

The defendant residing in New-Orleans, the court of the Sixth District had no jurisdiction of a suit against him. "District and Parish Courts have no jurisdiction where actions are brought against persons residing in the state out of the limits of their respective jurisdictions, except in cases expressed in this code." *Code of Practice, article* 129. And the appellants do not pretend that this is one so expressed. They have contended that the present case is taken out of the general rule, by a very strong implication. That the defendant had no property that could be attached out of the parish of Rapides, and the courts in New-Orleans could not direct their writs to the sheriff of the former parish. This is no answer to the objection that the jurisdiction is denied to all courts but those of the defendant's domicil, unless when expressly given by the code.

The appellants have shown that in their opinion, the courts of New-Orleans may issue writs to the sheriff of the parish of Rapides, since in the present case they took out a writ from the court of the Sixth District, directed to the sheriff of the parish of New-Orleans.

*An attachment will not lie against property in the parish of Rapides, when the defendant resides, and personal service of a citation is made on him in another parish, although the affidavit states that he is about permanently to leave the state.*

*The defendant residing in one parish, the District Court of another jurisdiction cannot take cognizance of a suit against him. Jurisdiction is denied to all courts but those of the defendant's domicil; unless expressly given by the code.*

Saving, therefore, the question whether process of attachment may issue to sheriffs out of the district of the court which issues them, to be determined, when it shall properly come before us, we think the district judge did not err in sustaining the plea in abatement, and dismissing the suit.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.