margin note: BATHURST *v.* COURSE.

---

## SUCCESSION OF WILLIAMSON.

margin note: 3   261 / 50   527

The court of the parish in which the deceased had his domicil at the time of his death, has
exclusive jurisdiction of his succession.  The appointment of an administration by a court
in another parish is a nullity. ·

---

An heir, present or represented, is entitled to the administration of a succession, in preference to the surviving husband or wife.

APPEAL from the District Court of Madison, *Selby*, J. *Bemiss*, for the appellant. *Thomas* and *Snyder*, contrâ. The judgment of the court was pronounced by

ROST, J. *Russell M. Williamson*, who had lately removed to this State with his family and a large number of slaves, and was settled in the parish of Madison, died out of the State. After his death, his widow, to frustrate the service of legal process upon the slaves, removed them, first, to the State of Mississippi, and afterwards to the parish of Livingston, where she took out letters of administration on the succession of her husband. *Williamson* left at his death three children by his first marriage, and one by his surviving wife. *Robert W. Burney*, who had intermarried with one of the children of the first marriage, filed his application in the parish of Madison to be appointed administrator of the succession. To this application the surviving wife made opposition, alleging her appointment as administratrix in the parish of Livingston, and praying that she might be maintained as such in preference to the applicant. *Mary F. Williamson*, the wife of *Burney* and beneficiary heir of *R. M. Williamson*, made herself a party to the proceedings, and prayed to be appointed administratrix of her father's succession in conjunction with her husband. The court below awarded the administration to *Burney* and *Mary F. Williamson*. The surviving wife has appealed.

The parish of Madison was the place of domicil of the deceased. The court of the parish of Livingston had no jurisdiction of his succession, and the appointment of an administratrix by that court was a nullity.

The judge of the first instance has made a correct application of art. 1114 of the Civil Code, which ordains that the heir, present or represented, shall be entitled to the administration in preference to the surviving husband or wife.

The point made by the appellant that there is now no property of the deceased in the parish of Madison, is very satisfactorily accounted for by the fact that all the property of which he died possessed, and which his heirs claim as belonging to him, was removed from that parish, after his death, by the appellant herself, as already stated.                    *Judgment affirmed.*