## Michie et al. *v.* John H. Armat et al.

The father and mother cannot borrow money in the name of their minor children, nor can they bind
  them by confessing judgment in a court that has no jurisdiction over their domicil.
Consent judgments decide nothing.

APPEAL from the District Court of the Parish of Tensas, *Farrar*, J.
   *A. Snyder*, for plaintiffs.   *H. B. Shaw*, for *Michie*, defendant.   *T. P. Farrar* and *A. N. Ogden*, for defendants and appellants.

MERRICK, C. J.   This case presents the question, whether the father and mother can borrow money in the name of the minor children, without the authority of the court, and bind them by confessing judgment in a court having no jurisdiction over the domicil?

In 1840, a tract of land containing three hundred and eighteen acres, was entered at Monroe, in the names of *Frances, Fenton, David, George, Ellen, Robert,* and *William Michie*, minor children of *David C.* and *Anne Michie.*

Three other children of the same marriage were born after the purchase, but before August, 1845, and one after that date.   *George* and *Robert* died in August, 1845.

In 1851, the father and mother of the minors, executed in favor of the defendant, the follow instrument, viz :

"TENSAS PARISH, LOUISIANA, 18 July, 1851.

" We do hereby acknowledge to have received of *John H. Armat*, the sum of eight hundred dollars, being *a loan granted to our minor* children, *Frances Michie, Ellen Michie, Fenton Michie, David Michie,* and *William Michie,* for one-seventh of which said loan, we do hereby acknowledge ourselves personally responsible, and do hereby agree in satisfaction of one-seventh of said loan, to make a title to said *Armat.* of one undivided seventh part of the South half of section thirteen, of township twelve, range ten East, situated in the parish of Tensas, Louisiana.

(Signed)                                    DAVID C. MICHIE,
                                               H. E. MICHIE."

In 1852, *John H. Armat* brought suit upon the obligation against *Michie and wife,* as the representative of their children, alleging " that said loan was *granted* and obtained for the sole benefit of said minor children, to be employed in their support and education."   He further alleges, "that said *Michie and wife,* with said minor children, reside at this time in the State of Mississippi," and that they, said *Michie and wife,* have consented to have a small tract of land situated in said parish, sold by process of law, to pay and satisfy petitioner's demand and costs.

*Michie and wife* accepted service of the petition.   They also signed an answer admitting all the allegations of plaintiffs' petition.   The judgment purports to be rendered against the minors named in the supposed obligation, for the sum of money demanded.

An execution issued, and the interest of the minors was sold, December, 1852, to *Armat*, for $640, being two-thirds of the appraisement.   No notice, under the execution, appears to have been given to the minors, or *Michie and wife.*

The one-seventh of the property inherited by *Michie and wife,* from their deceased children, *George* and *Robert,* had been previously conveyed to *Armat.*

*David C. Michie* and *Frances Michie,* having arrived at the age of majority,

29

(the latter prior to the judgment in 1852.) and disregarding the judgment and execution, bring suit against *Armat*, and their father and mother, for a partition of the tract of land.

*Armat* sets up the decree and sale under the execution, and five years prescription, in bar of plaintiffs' action.

The right of *Frances Michie* is admitted, it being conceded that the judgment could not bind her.

Judgment in this case was rendered in favor of *Armat*.

*David C.* and *Ellen Michie* severally, and the father and mother of the other children, prosecute the appeal.

It has not been urged, that the pretended loan or the judgment on the same, was legal when rendered, but it is insisted that the judgment has acquired the force of the thing adjudged.

This conclusion is predicated upon Article 251 of the Civil Code, which reads thus :

" Fathers and mothers owe protection to their children, and of course they may, as long as the children are under their authority, appear for them in court, in every kind of civil suit in which they may be interested, and they may likewise accept any donation made to them."

But it will be observed, that the power here given is for the purpose of protection, and not spoliation ; it is because parents owe protection to their children, that they are to appear for them and protect their interests in courts of justice.

They are without power, at least without the previous authorization of the courts of the domicil, to borrow money on account of their minor children. See 2 Marcadé, p. 181, X; see Acts of 1855, p. 444, sec. 17.

They are entitled to the usufruct of the property of their children, and " by the very act of marrying, they contract together the obligation of *supporting*, *maintaining, and educating* their children." C. C. 239, 240, 243.

The obligation, therefore, of *Michie and wife* in favor of *Armat*, so far as it attempted to affect the rights of the minors, was null.

*Michie and wife* having their domicil in the State of Mississippi, were without power upon a purely fictitious cause of action, to bring the minors within the jurisdiction of the courts of Louisiana, by their mere consent and confession. The minors were not " interested" in the cause of action, because it was, as to them, absolutely null and void.

This, then, appears to us, a case where we can safely apply the rule laid down in the cases of the *Union Bank* v. *Marin*, 3 An. 35, and *Lecarpentier* v. *Lecarpentier*, 5 An. 499, that consent judgments decide nothing.

The plaintiffs were not obliged to bring a direct action to annul the judgment, and might urge whatever objections they had to make to the same, whenever it was opposed to them, for they had not been legally made parties to the same. *Sloan* v. *Menard*, 5 An. 218.

If it were law, that parents could go into an adjoining State or parish, and confess judgment against their minor children, and thus bind them for any sum of money, and that this judgment, if not appealed from or annulled within the delay allowed by law, would acquire the force of the thing adjudged, against the children, there would be but little security for the children of improvident and thoughtless parents.

Ignorance of the acts done to their prejudice, would not extend the law's delay for the appeal, and those most needing the protection of the law, would be-

come the victims of its rigid rules. A worthy son might find, on attaining his majority, that his future life was blighted by a debt contracted without his knowledge, by an improvident father, and the merits of children, and the promising hopes of youth, like the Egyptian's dead, would be pledged to the exacting creditor, to procure drink and rainment for profligate parents.

MICHIE
*v.*
ARMAT.

The case is different in regard to tutors and curators. They receive their authority to act from courts of justice. The rights of the minors are protected by the legal mortgage and by the bond given by the tutor. The tutor is obliged to render his account in courts of justice, and as the Judge of the domicil alone has jurisdiction, the minor is at once advised that courts of justice have acted in his behalf, and he is notified that it is his interest to inquire what has been decided to his advantage or prejudice.

We are of the opinion, that the judgment and sale relied upon by the defendant, *John H. Armat*, cannot avail him as a defence to the action of partition , and we shall reverse the judgment and remand the case for a partition according to law.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this case be remanded to the lower court, to be proceeded in according to law, and the views herein expressed ; the costs of the appeal to be paid by said *John H. Armat.*