No. 2123.—A. MILTENBERGER *v.* N. K. KNOX et al., II. M. FAVROT, Attorney for Absent Heirs, Intervenor.

21 399<br>50 527

The opening of a succession and the appointment of an administrator in a parish where the deceased never has resided, nor owns property therein at the time of the death, are absolute nullities ; and any and all proceedings had, and all judgments rendered against the succession are void. C. C. 929; 3 An. 261.

APPEAL from the Fifth District Court, parish of East Baton Rouge. *Posey,* J. *Cooley & Phillips* and *Barrow & Pope,* for plaintiff and appellant. *H. M. Favrot,* for absent heirs, appellant. *Herron, Fuqua & Callehan,* for defendants and appellees.

HOWELL, J. On the seventh July, 1866, the defendant, Knox, obtained a judgment in the parish of East Baton Rouge on a note made by Charles Pipes on seventh June, 1856, due first January, 1861, against Henry Jones, as administrator of the successions of Charles and Winnifred Pipes, deceased, recognizing a mortgage to secure the same and ordering the mortgaged property situated in the parish of

West Baton Rouge to be sold to satisfy the debt. In September, 1867, he caused a *fi. fa.* to issue on said judgdment and the property to be seized, whereupon the plaintiff, A. Miltenberger, as holder of two notes executed on second February, 1860, due at thirteen and fourteen months for $10,000 each, by the said Winnifred Pipes and her son, Stephen Pipes, and secured by mortgage on the same property, instituted this suit to enjoin the sale and prayed to annul the judgment in favor of Knox and the appointment of Henry Jones as administrator of the successions of Charles and Winnifred Pipes on the grounds, among many others :

*First*—That the succession of Charles Pipes had been accepted and settled by the heirs years before it was opened by the said Jones in the parish of East Baton Rouge.

*Second*—That at the time of her death, Mrs. Winnifred Pipes neither resided, died nor owned property in the parish of *East* Baton Rouge, where her succession was opened, but had her domicile and owned property in the parish of *West* Baton Rouge, and died in the parish of East Feliciana. Her succession should have been opened either in the one or the other of these parishes.

The defendants, Knox and Jones, filed answers to the petitions of the plaintiff. H. M. Favrot, as attorney for the absent heirs of Charles Pipes, Winnifred Pipes and Stephen Pipes intervened, adopting the allegations and prayer of the plaintiff as against the defendants, Knox and Jones, and setting up a defense to the demand of plaintiff.

As to the first of the above grounds, it is shown that Charles Pipes died in East Baton Rouge in 1858 and his succession was accepted purely and simply by his heirs, and all his property in said parish was sold in 1859 to one A. E. Brady, and that situated in West Baton Rouge to Stephen Pipes. There was therefore no succession to open, and the rights of any creditors of said Charles Pipes were against his heirs or the mortgaged property in the hands of the possessor. C. C. 1370, 1409 ; 19 A. 60.

The recorder of the parish, appointed in June, 1866, to make an inventory of the property in East Baton Rouge, returned that no property was found in said parish belonging to the succession of Charles Pipes, and the return of the recorder of the parish of West Baton Rouge, appointed at the same time, contains only property that had been accepted and sold, long before, by the heirs of Charles Pipes.

As to the succession of Mrs. Winnifred Pipes, widow of said Charles Pipes, it is shown that she resided after the death of her husband with Stephen Pipes, in West Baton Rouge, until 1862, when she removed to East Feliciana, where she died in 1863, and she is not shown to have had any property in East Baton Rouge.

The appointment therefore of Jones as administrator of both

successions in said parish of East Baton Rouge, was a nullity, (C. C. 929; 3 A. 261) and there was no one in court against whom Knox could obtain a judgment in the suit instituted by him. All the proceedings had in the attempt to open the said successions and recover judgment against them, having no legal foundation, were and are absolute nullities, and any creditor or party interested may oppose any process of court resulting from them which may affect their interests.

We need not inquire into the right of the plaintiff and the attorney of absent heirs to set up any other grounds which appear in the record. If Knox has no judgment, he is not entitled to an execution, or to proceed, as he is attempting, against the property in question. Both he and the plaintiff must be left to pursue the legal course to collect or enforce any claims they may have against the deceased debtors.

It is therefore ordered that the judgment appealed from be reversed, and that the appointment of Henry Jones as administrator of the successions of Charles Pipes, deceased, and Winnfried Pipes, deceased, by the District Court in the parish of East Baton Rouge, and all the proceedings in said two successions, be declared null and void; that the judgment in the suit of N. K. Knox v. H. Jones, administrator, No. 940 on the docket of said court, and all the proceedings thereunder be declared null and the seizure set aside. The defendant, Knox, to pay costs of this suit in both courts.