No. 2314.—BUSH & GOODE *v.* EWING CHAPMAN—JOHN B. MURISON,
Intervenor.

24 277
e122 470

A confession of judgment by a defendant, who is domiciled in a different parish from that in which the judgment is rendered, is an absolute nullity as against privileged creditors, 23 An. 255, and the privileged creditors have such an interest as will authorize them to urge the absolute nullity of such a judgment whenever and wherever it is sought to be enforced against property upon which they have a privilege.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *Louis Bush,* for plaintiffs and appellants. *Lacey & Butler,* for intervenor and appellee.

HOWE, J. The plaintiffs obtained a judgment by confession against the defendant in the Fourth District Court of New Orleans, on the twenty-third November, 1868. The defendant was at that time and had been for some years a resident of and domiciled in the parish of Terrebonne.

Execution was issued on the judgment and seizure made of the leases of certain plantations in the parish of Terrebonne, and of the movables and crops on two of them. John B. Murison intervened, claiming to have a privilege for plantation supplies furnished by him on the crops, and a pledge of all the other movables, and obtained an order permitting him to bond the property which had been seized, and this was accordingly done.

Various proceedings took place in the case, which it is not deemed necessary to detail specifically, and after trial the court *a qua* gave judgment in favor of the intervenor Murison, so far as the crops of sugar and molasses were concerned, and against him as to the other movable effects which had been seized. The plaintiffs alone have appealed.

We do not perceive any error in the judgment so far as plaintiffs are concerned. Murison had a privilege on the crops seized, for supplies furnished, to the amount of about $14,000—an amount largely in excess of the apparent value of the sugar and molasses. It appears also that on the twenty-seventh November, 1868, he caused the entire property on the two plantations to be seized under a judgment for upwards of $40,000, which he had obtained in the United States Circuit Court against the defendant Chapman. It is evident that the crops seized were not equal in value to the supplies for which Murison was a privileged creditor. It follows then that he had an interest to claim the absolute nullity of the judgment of plaintiffs, so far as the crops were sought to be seized under it. That the judgment was an absolute nullity as to Murison can not now be doubted. It was confessed in violation of the statute of 1861, now embodied in Rev. C. C. 162. See Richardson *v.* Hunter, 23 An. 255.

Judgment affirmed.