Alter v. Pickett.

No. 344.—CHARLES E. ALTER *v.* J. B. PICKETT—PAULINA PICKETT,
Intervenor and Warrantor.

24  513|
105  485|

24  513
120  162

24   513|
122  470|

A defendant in an hypothecary action founded upon a judgment rendered in a garnishment process, who files the plea of discussion and deposits the amount required to carry on the discussion, is not precluded thereby from the right of appeal from the final judgment ordering the property seized to be sold.

A judgment rendered by one of the district courts of the parish of Orleans against a person domiciliated in the parish of B)ssier, under garnishment proceeding had under a judgment rendered by the district court of the parish of Orleans, is absolutely null and void, because the district court of the parish of Orleans is without jurisdiction *ratione personæ.* This nullity is so absolute that any person having any interest therein, or is affected thereby, may at any time urge such nullity before the tribunal where the attempt is made to enforce it.

The recording of such a judgment in the parish where the property of the defendant in garnishment is situated confers no mortgage rights in favor of the judgment creditor, and consequently does not lay the foundation for an hypothecary action against the property of the judgment debtor.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Watkins,. J. Land & Taylor,* for plaintiff and appellee. *Nutt & Leonard,* for intervenor and appellant.

LUDELING, C. J. This is an hypothecary action. On the twenty-sixth of January, 1866, the plaintiff obtained a judgment in the Third District Court of the parish of Orleans against R. C. Cummings & Co. for the sum of forty-six thousand one hundred and fifty dollars, with eight per cent. per annum interest thereon. On the ninth day of February, 1866, Alter caused a writ of *fieri facias* to issue under this judgment, directed to the Sheriff of the parish of Orleans, and he filed a petition propounding interrogatories to Paulina Pickett under the act of 1839. On the twelfth of March, 1866, the petition and interrogatories were served on Paulina Pickett in person in the city of New Orleans. On the twentieth of March, 1866, she filed her answers to the interrogatories, denying any indebtedness to the defendants, R. C. Cummings & Co. On the twentieth of March, 1866, a supplemental petition, propounding additional interrogatories to Mrs. Pickett, was served on her in person at her domicile in Bossier parish, and on the twenty-sixth of April, 1866, she answered the interrogatories, again denying any indebtedness to the said Cummings & Co. On the fifteenth day of May, 1866, plaintiff Alter moved for a judgment *pro confesso* on the answers. Notice of this motion was served upon Hays & Adams. On the eleventh of June, 1866, the interrogatories were taken as confessed, and on the fifteenth day of June, 1866, judgment was rendered against Mrs. Pickett for thirty-two thousand nine hundred and sixteen dollars and seventy-one cents, with legal interest from the fifteenth of March, 1866. This judgment was duly recorded in the parish of Bossier. After the demand and notice required by article sixty-nine of the Code of Practice this suit was instituted

33

against James B. Pickett, the third possessor of the property, alleged to be subject to the plaintiff's judicial mortgage.

The defendant filed in *limine lites* the plea of discussion, and tendered the sum necessary to defray the expenses thereof. The court *a qua* held that the plea was an answer, and so treated it. Whereupon the defendant took a bill of exceptions to this ruling. He then filed an answer denying the validity of the judgment against Mrs. Pickett, and denying that any mortgage resulted from the registry thereof, and he called Mrs. Pickett, his vendor, in warranty. She answered the call in warranty and made substantially the same defense as that set up by the defendant, to wit, she denied the validity of the judgment against her, because the Third District Court of the parish of Orleans was without jurisdiction to render a judgment against her, as she resided at the time in the parish of Bossier.

*Second*—Because the writ of *fieri facias* against the judgment debtor had expired, and there was no *fieri facias* nor any copy thereof in the hands of the sheriff at the time interrogatories were propounded and served upon her.

*Third*—Because the court had no power to enter judgment against the garnishee, who had denied all indebtedness, without a traverse of her answers; that is, a joining of issue and notice to the garnishee to afford her a fair opportunity to be heard and to support her sworn answers by proof *aliunde*.

There was judgment in favor of the plaintiff condemning the lands in the possession of the defendant to be seized and sold in satisfaction of plaintiff's mortgage in default of its payment by defendant, subject to the discussion of the property mentioned in the plea of discussion, which was sustained in the final judgment. Both the defendant and the intervenor have appealed. The plaintiff has moved to dismiss this appeal as to the *defendant*, on the following grounds:

*First*—Because the plea of discussion can not be pleaded in an answer which denies the existence and validity of the plaintiff's mortgage.

*Second*—Because the plea of discussion, like a plea of payment, novation or compensation, is inconsistent with and waives the general denial.

*Third*—Because the plea of discussion admits the existence and validity of plaintiff's mortgage.

*Fourth*—Because defendant has executed the decree of the court sustaining his plea of discussion by depositing the sum of five hundred dollars in the bank of B. M. Johnson, in Shreveport, to have the discussion carried into effect; and

*Fifth*—Because defendant has no interest in the judgment appealed from.

The plea of discussion was filed *in limine lites* by way of exception, and

it neither admitted nor denied the existence of the mortgage. The first three grounds in the motion to dismiss the appeal are not causes for dismissing an appeal; nor is the depositing of the five hundred dollars required by the court such an execution of the judgment as would deprive defendant from appealing from the judgment which condemns the sale of his property conditionally. He had a right to require the judge *a quo* to act upon his *exception*, and to stay the proceedings against his property until after the property pointed out by defendant had been discussed. C. P. 715; C. C. 3403; 9 R. 71; 10 R. 73; 12 An. 363; 23 An. 773.

The motion is overruled.

On the merits we deem it necessary to notice only the first of the grounds of defense, which is that the judgment against the garnishee, Mrs. Paulina Pickett, is an absolute nullity, because it was obtained against her in the parish of Orleans while her domicile was in the parish of Bossier. But before examining that question we will notice the objections urged by the plaintiff to that defense being permitted to be made in the present suit, and especially by the defendant. They are, that the district court of Bossier parish was without jurisdiction to annul a judgment of the Third District Court of the parish of Orleans; that said judgment is final and can not be attacked or inquired into in this suit, and particularly by defendant; that an action to annul the judgment is prescribed; that the garnishee *submitted* to the jurisdiction of the Third District Court of the parish of Orleans, and has acquiesced in the judgment by not appealing. A sufficient answer to all these objections is that the defense set up is that there *never existed a judgment* against her—that the court which rendered it was without jurisdiction, and therefore could not render any judgment in the case. It is a well settled rule of jurisprudence, founded upon justice and common sense, that the absolute nullity of a judgment may be invoked before the tribunal where the attempt is made to enforce it, and by any person whose interests may be affected by the judgment. 1 N. S., p. 8, Bernard *v.* Vignaud; 2 R., p. 510, Quine *v.* Mayes; 11 An. 761, Williams *v.* Clark; 23 An. 557, Simpson *v.* Hope.

It is proved that Mrs. Paulina Pickett resided in Bossier at the time the proceedings against her were commenced in the Third District Court of the parish of Orleans; that she had resided there for years before, and that she resided there when the judgment was rendered against her.

The act of nineteenth of March, 1861, amending article 162 of the Code of Practice, prohibits a defendant from being sued out of the parish of his domicile, except in cases " expressly provided by law."

This is substantially announced in the following cases: State ex

rel. *v.* Watkins, 21 An. 258 ; State ex rel. *v.* Head, 21 An. 550 ; Richardson *v.* Hunter, 23 An. 255.

It is contended that the act of 1861 amending the Code only reprobated the election of a domicile, or the express consent to be sued in another parish than that of his domicile, but that the act did not prohibit the defendant from submitting to the jurisdiction, and article 93 of the Code of Practice and the case of Jex *v.* Keary are referred to in support of the position. If article 93 of the Code be in conflict with the act of 1861, the latter being the last expression of the legislative will relative to the jurisdiction of the courts, *ratione personœ* must prevail. In Jex *v.* Keary, 18 An. 89, the court seems to have entertained a different opinion. The point actually decided in that case, however, was that a defendant who by his contract and mortgage executed in 1856, had consented that suit might be brought against him in the parish of Orleans was bound by that consent, and that the legislature had no power by the subsequent act of 1861 to impair the right of the creditor to pursue the defendant at the elected domicile, because that would impair the obligation of a contract. We do not feel called upon to notice that case further, except to state that the facts of that case are wholly different from those in this case. See 21 An. 258 ; 21 An. 550 ; 23 An. 255.

Since the act of nineteenth of March, 1861, amending article 162 of the Code of Practice, every one residing in this State " must be sued before his own judge—that is to say, before the judge having jurisdiction over the place where he has his domicile or residence, and shall not be permitted to elect any other domicile or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided for by law." But it is contended that this case comes within one of the exceptions created by law; that article 246 of the Code of Practice expressly declares that a creditor may make a garnisher a party to the suit against the debtor; and the attempt is made to deduce the conclusion that the debtor of the original judgment debtor, although residing in a different parish, may be cited as garnishee, and thus subjected to the jurisdiction of the court which rendered the original judgment. But this is a *non sequitur.* The debtor may be cited in garnishment, but where? Article 642 C. P. requires the writ of *fieri facias* " to be directed to the parish in which the property of the debtor is situated, and it orders him to seize the property, real and personal, rights and credits of the debtor, and to sell them to satisfy the judgment obtained against him." " Rights and credits " can be seized under *fieri facias* generally only by the auxiliary process of garnishment, and as article 642 requires this seizure to be made by the sheriff of the parish in which the effects to be seized are, it would seem that the garnishment process should be

issued by a court of the same parish. And such, in effect, was the opinion of this court in Featherston v. Compton, 3 An. 380 ; 4 An. 585; Favrot v. Piane, 7 An. 239 ; Landry v. Dickson, 3 La. 127 ; and Rochereau v. Guidry, 24 An. 311

The present case does not come within any of the exceptions expressly provided for by law. We conclude, therefore, that the judgment rendered by the Third District Court of the parish of Orleans against Paulina Pickett in 1866 was an absolute nullity for want of jurisdiction *ratione personæ*, and that the registry of the judgment in Bossier did not create a judicial mortgage against the property of Paulina Pickett.

It is therefore ordered and adjudged that the judgment of the lower court be annulled ; that the judgment of the Third District Court of the parish of Orleans in favor of Charles E. Alter against Paulina Pickett for the sum of thirty-two thousand nine hundred and fifteen dollars and seventy-one cents, with five per cent. per annum from the first day of March, 1866, rendered on the fifteenth of June, 1866, be declared null and void, and that the plaintiff's demand be rejected, with costs in both courts.

Rehearing refused.