## No. 5052.

### Mrs. Julia Scott and Husband v. The World.

At a succession sale of the property of the estate of Horace Groves, deceased, made in the parish of Tensas on the eighteenth of April, 1868, a certain tract of land was adjudicated to E. Slicer. He afterwards sold the land to Mrs. Julia Scott, who obtained a monition in the parish of Tensas to secure her title, and said monition was homologated by judgment of the district court on the twentieth of October, 1873, from which judgment an appeal has been taken by certain heirs of the deceased, on the ground that said succession had been fraudulently opened in the parish of Tensas, when it was well known that it had been opened and was being administered in the parish of Madison, where the land in question was situated, before its being subsequently located in the parish of Tensas, in consequence of a change of boundaries by virtue of an act of the Legislature.

In this case, Mrs. Julia Scott seeks by a monition taken out in the parish of Tensas to defeat a claim set up against her in the district court of the parish of Madison for the very tract of land sought to be disencumbered of all adverse claims by the monition. To this petitory action of the appellants in the district court of the parish of Madison, Mrs. Scott had answered, and when this suit was in progress in the proper court, she applied for a monition in another parish. It would be subversive of all propriety of legal proceeding if Mrs. Scott could by a flank movement of this sort conclude the rights of the appellants and confirm irrevocably her title to the land.

The appellants are not therefore affected by the judgment homologating the monition. Their judicial demand, claiming to be the owner of the land, was to all intents and purposes as effectual notice to Mrs. Scott, as if they had presented themselves in the parish of Tensas and made a formal opposition to the monition.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough*, J. *Thomas P. Farrar*, for appellees. *E. D. Farrar* and *John Ray*, for appellants.

TALIAFERRO, J. This case is brought up by an appeal taken from a judgment of the district court homologating a monition. The history of this litigation seems to be as follows: At a succession sale of the property of the estate of Horace Groves, deceased, made in the parish of Tensas on the eighteenth of April, 1868, a tract of land containing

three hundred and twenty-four acres, more or less, was adjudicated to one J. Edwin Slicer at the price of $486. Subsequently, in December, 1870, Slicer sold the land to Mrs. Julia Scott. In the sheriff's *proces verbal* of sale the land is designated as "lots or fractional sections forty-six and forty-seven of township fifteen north, of ranges nine and ten east." In September, 1873, Mrs. Scott, alleging there was error in the description of the land by the sheriff in his deed to Slicer, the land sold constituting lots or fractional sections forty-six and forty-seven of township fifteen north, of range thirteen east, petitioned the district court of the parish of Tensas for a monition to quiet her title to the land under the proper description, and by that means to correct the error of description made in the sheriff's deed. The monition was granted, and after advertisement of thirty days it was homologated by judgment of the district court rendered on the twentieth of October, 1873.

The appeal from this judgment was taken by Rachael Lee Groves and Catherine Groves, the wife of one McDonald. These appellants represent themselves as being residents of Ohio county, State of West Virginia. They allege that they are the children and only heirs of Horace Groves, deceased, late of the parish of Madison, Louisiana; that their father at his decease left as part of his succession a tract of land with improvements upon it lying within the parish of Madison, as the boundaries of that parish existed at the opening of their father's succession; that long subsequent to that time, by an act of the State Legislature, a change was made in the location of the division line between the parishes of Madison and Tensas, by which the land in question was included within the newly established boundaries of the parish of Tensas. They allege that subsequent to this change of boundary, their uncle, one Elijah W. Groves, fraudulently caused the succession of their father to be opened anew in the parish of Tensas, well knowing that it had been opened in the parish of Madison, and was then being administered there; that by means of this fraudulent proceeding he caused the land of their father's succession to be sold under color of judicial proceeding, and through an interposed person became the owner thereof in the name of his wife, Julia M. Scott, who, after the death of Elijah W. Groves, intermarried with one George T. Trezevant, and still claims and holds possession of said land. They allege that in the year 1872, the appellants being both minors, their mother and guardian instituted a petitory action for the recovery of the aforesaid land; that Julia Scott and husband were made parties to that suit and duly cited; that they have answered, and that the suit is now pending; that after the said parties had been cited and made answer, and before a final trial could be had in the ordinary course of

litigation, they took out the monition fraudulently and surreptitiously, without the knowledge of the appellants, and when they were utterly ignorant of the proceeding; that they caused the monition to be homologated contrary to law for the following reasons:

*First*—The parties were not entitled to the monition, a suit against them actually pending for the property which they seek to obtain title to by an *ex parte* proceeding in the form of a monition.

*Second*—That the judgment of homologation was rendered on the first day of the term, which was irregular for the reason that being in the nature of a citation, no legal action could be taken on it that day.

*Third*—That the monition was granted by the parish judge, who is not authorized by law in matters of monition to render orders in the absence of the district judge.

Under the facts and circumstances of this case, the monition can not avail Mrs. Scott as against the appellants. Here the party seeks by a monition taken out in the parish of Tensas to defeat a claim set up against her in the district court of the parish of Madison, for the very tract of land sought to be disencumbered of all adverse claims by the monition. To this petitory action of the appellants Mrs. Scott has answered, and the suit is in process in the proper court, and was so when she applied for the monition. It would be subversive of all propriety of legal proceedings if she could by a flank movement of this sort conclude the rights of the appellants and confirm irrevocably her title to the land. The appellants are not affected by the judgment homologating the monition. They had, before the monition was applied for, come forward and made known by a formal judicial demand, claiming to be the owners of the land and denying all title to it in Mrs. Scott, the grounds upon which they objected to her being quieted and confirmed in her claim. This was to all intents and purposes as effectual notice to Mrs. Scott as if they had presented themselves in the parish of Tensas within the thirty days required, and asserted their title by a formal opposition.

The second and third points made by the appellants it becomes unnecessary to examine.

It is therefore ordered that the judgment appealed from be and it is hereby decreed and declared to be null and inoperative as regards the rights and claims of the appellants to the land in controversy, and the judgment homologating the monition is in that respect amended. It is further ordered that as thus altered and amended the judgment be affirmed, the appellees paying costs of this appeal.

Rehearing refused.