No. 9802.
Orleans Appeal.

SOPHIE CARTER, ETC., v. MOSE CAMBRICE, ET AL.

(November 17, 1924, Opinion and Decree.)
(December 15, 1924, Rehearing Refused.)
(February 3, 1925, Decree Supreme Court. Writ of Certiorari and Review Refused.)

*(Syllabus by the Court.)*

1.  **Louisiana Digest, Laws, Par. 68, 69, 70.**
In order to justify the proceedings authorized by Act 49 of 1918, p. 71, the relation of landlord and tenant must exist between the plaintiff and the defendant.

2.  **Louisiana Digest, Executors and Administrators, Par. 9.**
The Court of the Parish in which the deceased had his domicile at the time of his death has exclusive jurisdiction of his succession. The appointment of an Administrator by a Court in another Parish is a nullity which may be averred collaterally as a defense at any time under all circumstances by any one in interest.

**(Code of Practice, Art. 929; Civil Code, Art. 935—Editor's Note.)**

Appeal from Civil District Court, Hon. E. K. Skinner, Judge.

Judgment maintaining the exception of no cause of action and dismissing plaintiff's demand. Plaintiff appealed.

Judgment affirmed.

Chas. J. Mundy, attorney for plaintiff and appellant.

W. J. Hennessey, attorney for defendant and appellee.

CLAIBORNE, J. On November 28, 1923, Sophie Carter, of the Parish of Terrebonne, opened the succession of Ethel

Burns, wife of Gilbert C. Fleming, in the City of New Orleans under No. 150,110. She alleged that her niece Ethel Burns, was married in New Orleans to Gilbert C. Fleming on October 3, 1911; that he died some time after, leaving one son, issue of his marriage, William Gilbert Fleming, born September 17, 1912; that Ethel Burns Fleming, her said niece, died in Thibodaux on November 8, 1923, intestate, leaving one legitimate child, William Gilbert Fleming, above mentioned, only issue of her marriage with her deceased husband Gilbert C. Fleming, and one illegitimate child named Cornelius Eugene Watkins, born October 23, 1922, now in the care of petitioner; that the said Ethel Burns Fleming left a separate property in Algiers worth about $1,500, $25 in bank, and household furniture worth about $75; that the deceased left debts, some of which consist of funeral expenses and a doctor's bill; and petitioner prayed to be appointed administratrix.

Affidavits, annexed to the petition, attest the truth of all the allegations of the petition and further state that the deceased "was buried in Algiers from her home at 832 Vallette Street".

Rosetta Fleming, wife of Moses Cambrice, and Samuel Fleming, the sister and brother of Gilbert C. Fleming, opposed the application of Sophie Carter to be appointed administratrix "on the ground that no administration is necessary because there are no debts and if there are debts that petitioners are willing and ready to pay whatever debts are due by the deceased or by his succession and that said application should be dismissed"; they further allege that if the Court should decide that an administration is necessary that they are entitled to be appointed in preference to the applicant because they are residents of this Parish and they deny that the applicant is related to the deceased; and they aver that deceased died in Thibodaux while there on a visit or working".

Sophie Carter filed an answer to this opposition in which she denied all the allegations of the opponents entitling them to a preference.

On December 28, 1923, Rosetta Fleming, wife of Moses Cambrice, filed a petition in which she alleged that the deceased was domiciled in the City of New Orleans; that the minor William Gilbert Fleming was without a tutor; she prayed for an inventory and for the convocation of a family meeting on behalf of said minor to recommend some person or bank as tutor for said minor, and an undertutor. An order was rendered accordingly.

An inventory was taken comprising the above mentioned property, 832 Vallette Street, appraised at $1,200, and some cash and household furniture at $37.25.

A family meeting was convoked and recommended the Algiers Trust and Savings Bank as tutor for the property of the minor, and Rosetta Fleming, wife of Moses Cambrice, as tutrix to his person, and Samuel Fleming as under tutor. They were accordingly appointed and sworn on January 18, 1924.

On January 29, 1924, the Algiers Trust and Savings Bank also filed an opposition to the application of Sophie Carter to be appointed Administratrix of this succession "on the ground that no administration is necessary because there are no debts, as all of the known debts due and owing by the deceased for funeral and other expenses have been paid"; but if there was any necessity for any administration that "opponent in its capacity as dative tutor of said minor should administer this estate".

On March 21, 1924, on motion of the attorney for Sophie Carter, the following order was rendered:

"It is ordered by the Court that all proceedings filed by Sophie Carter in this mat-

ter, be and the same are hereby dismissed at her cost."

But while these proceedings were pursuing the even tenor of their ways, the applicant for Administration, "Sophie Carter", had betaken herself to other fields more free of opponents.

On June 18, 1924, she filed a suit in the Civil District Court for the Parish of Orleans under No. 153,155, entitled "Sophie Carter, Administratrix of the Succession of Ethel Burns Fleming, deceased, vs. Moses Cambrice and Rosetta Cambrice, which is the present suit, in which she alleged that she was the duly qualified administratrix of the Succession of Ethel Burns Fleming, having been appointed by the 20th Judicial District Court for the Parish of Lafourche, and letters as such issued to her on March 22, 1924; that the defendants, Mose Cambrice and Rosetta Fleming Cambrice, during the life of Ethel Burns Fleming, were occupying the premises No. 832 Vallette Street as tenants; that said defendants have paid no rent since November 8, 1923, that demand has been made upon said defendants to vacate said premises which they have refused to do; that the fair rental value of said property is not less than $20 per month; that "it is necessary for petitioner to secure possession of said premises in order that some revenue may be secured from said property wherewith debts may be paid"; that the defendants who were the tenants of the deceased, became the tenants of petitioner as administratrix under appointment of the District Court for the Parish of Lafourche, which this Court must recognize until the appointment is set aside. She prayed for a rule upon the defendants for possession and for judgment for $140.00. The rule issued as prayed for.

To this rule the defendants filed the following exceptions: 1st, that it disclosed no cause or right of action; 2nd, that plaintiff is estopped from prosecuting this suit because the plaintiff cannot be the administratrix, as she withdrew her application to be appointed as such by the Court for the Parish of Orleans; 3rd, that the Algiers Trust and Savings Bank was duly appointed tutor of the minor William Gilbert Fleming, and the said Bank in said capacity is now administering the succession and collecting the rents of the property No. 832 Vallette Street, and the said Bank in said capacity rented said property to defendants who have paid the rent to it which alone had authority to rent said property and collect the rents, and 4th, that the deceased was domiciled in this Parish and the Courts thereof were alone vested with jurisdiction of her succession.

There was judgment maintaining the exception of no cause or right of action and dismissing plaintiff's demand.

We are of opinion that the judgment is correct for the following reasons:

1st. As far as the demand for possession of the premises is concerned the plaintiff derives his right to proceed by rule exclusively upon Act 49 of 1918, p. 71. In order to proceed under said Act, the relation of landlord and tenant must exist between the plaintiff and the defendant. It is evident that no such relation existed in this case. The Algiers Bank was appointed tutor in January, 1924, and as such administered the succession and its property and collected the rents due to it. The plaintiff was appointed only on March 22, 1924. At that time the Bank was in possession of the property of the succession, and the defendants in this case held possession only for account of the Bank. It is evident, therefore, that the defendants could not be sued by this plaintiff in a possessory action or in an ejectment suit under the Act above quoted.

As far as the money demand is concerned it was filed only in June, 1924. The Bank had been in possession and the defendants had been tenants of the Bank for more

than six months, and had paid their rents to it.

2nd. It appears from the record in this case by affidavits sworn to by the plaintiff in this case and by several witnesses and by other facts of the case, that the deceased, Ethel Burns Fleming, was domiciled at the City of New Orleans at the time of her death, and it is nowhere contradicted. Article C. C. 935 (929) provides:

"The place of the opening of successions is fixed as follows: In the parish where the deceased resided if he had a fixed domicile or residence in the State. In the Parish where the deceased owned immovable property, if he had neither domicile nor residence in this State, or in the Parish in which it appears by the inventory, his principal effects are if he has effects in different parishes. In the Parish in which the deceased had died, if he had no fixed residence, nor any immovable effects within the State, at the time of his death." C. P. 929.

In the Succession of Williamson, 3 La. Ann. 261, the Court said:

"The Court of the Parish in which the deceased had his domicile at the time of his death has exclusive jurisdiction of his succession. The appointment of an administrator by a Court in another Parish is a nullity." Saul vs. His Creditors, 5 M. 571.

"The Probate Court of Madison Parish, where the deceased had his domicile at the time of his death, had exclusive jurisdiction of his succession. Everything done in that succession in the Parish of Tensas was therefore null and void. C. C. 935, C. P. 929; Succession of Williamson, 3 La. Ann. 261; Miltenberger vs. Knox, 21 La. Ann. 399; Clemens vs. Comfort, 26 La. Ann. 269. Especially is this true as against a party who as in this case, has himself opened a succession in one Parish, and afterwards without notice proceeds in another Parish to secure the orders he desires.

"It would be subversive of all propriety of legal proceedings if she could, by a flank movement of this sort, conclude the right of the appellants and confirm irrevocably her title to the land." Scott vs. The World, 26 La. Ann. 285.

"The opening of a succession and the appointment of an Administrator in a Parish where the deceased never has resided, nor owns property therein at the time of his death, are absolute nullities; and any and all proceedings had and all judgments rendered against the succession are void. Code of Practice, Art. 929; Succession of Williamson, 3 La. Ann. 261, and any creditor or party interested may oppose any process of Court resulting from them which may affect their interests." Miltenberger vs. Knox, 21 La. Ann. 399.

"Where a succession has been opened in one Parish the presumption is that the Court had jurisdiction until it is conclusively shown that it had not." Gary vs. Sandoz, 16 La. 11.

In Alter v. Pickett, 24 La. Ann. 515, the Supreme Court said:

"It is a well settled rule of jurisprudence founded upon justice and common sense, that the absolute nullity of a judgment may be invoked before the tribunal where an attempt is made to enforce it, and by any person whose interests may be affected by the judgment. Citing 1 N. S. 8; Quine vs. Mayes, 2 Rob. 510; Williams vs. Clark, 11 La. Ann. 761; Jas. A. Simpson vs. J. J. Hope, 23 La. Ann. 557. Adopted in Andrews vs. Sheehy, 122 La. 470, 47 South. 771. See also Piernas vs. Milliet, 10 La. Ann. 286; Michie vs. Armat, 15 La. Ann. 226; Alter vs. Pickett, 24 La. Ann. 515; Bush & Goode vs. Ewing Chapman-John B. Murison, 24 La. Ann. 277; Edwards vs. Whited, 29 La. Ann. 647."

In Flanagan vs. Land Co., 145 La. 843, the Court said on p. 848:

"The first question to be disposed of herein is that of jurisdiction in the Court below; for, if it was without jurisdiction to appoint the plaintiff administrator in the first instance, or later as dative testamentary executor, the entire proceedings by which he attempted to acquire the capacity to represent the estate of deceased were null, and may be attacked at any time and under all circumstances. 11 R. C. L. 74 et seq. Vo. Extors. and Admtors."

The judgment is therefore affirmed.