McBRIDE, Judge.
Despite the sizeable record and the prolixity of the arguments, the narrow but decisive point presented by this appeal is whether a public administrator of one parish may administer abandoned property in another.
In 1933 in these proceedings, Standard General Realty Company, Inc., a Louisiana corporation, domiciled in New Orleans, went into receivership which terminated in January, 1943, upon the late Harry Latter being discharged as receiver. At the time Latter petitioned the court for his discharge the only asset owned by the corporation was certain real property in the Parish of St Tammany which Latter considered “ * * totally and wholly' worthless and does not constitute an asset of this estate, * * * ” and he recommended “ * * * he should be authorized * * * to abandon said real estate * * * ” On January 12, 1943, the court entered an order reading:
“The Court considering that the foregoing petition has been spread upon the Receivership Order Book and that no opposition has been filed thereto, let the petitioner, Harry Latter, Receiver, be and he is hereby authorized and ordered to abandon as an asset of this estate the real estate situated in the Parish of St. Tammany, State of Louisiana, referred to in the above and foregoing petition.”
Thereafter no proceedings were had therein for more than twenty-two years.
During early 1964, the then Public Administrator for the Parish of Orleans instituted proceedings entitled “Administration of Money or Property Abandoned or of Unknown Ownership — Standard General Realty Company, Inc.” No. 421,955 of the docket of the Civil District Court for the Parish of Orleans (In re Standard General Realty Co., Inc., La.App., 185 So.2d 585) and under R.S. 9:1585 petitioned the court for appointment as administrator “ * * * of all the property owned by Standard General Realty Company, Inc., * * * and to have letters of Administration issued to him upon his complying with the requisites of law.”
On April 22, 1964, the appellant was appointed “Administrator of the said above entitled Succession” according to the letters issued to him by the court.
An inventory was then made by a Notary Public in and for the Parish of St. Tammany. The only property listed thereon is the “abandoned” land. The former public administrator and his present successor have since made several but unsuccessful attempts to dispose of the property at private sale. One attempt came under the scrutiny of this court. See 168 So.2d 456 and 173 *600 So.2d 862. In one instance' writs of cer-tiorari, prohibition and mandamus, were sought by the receivers of Standard General Realty Company, Inc. See our docket No. 2108.
On July 9 and 14, 1965, at the instance of several alleged stockholders of Standard General Realty Company, Inc., the court below in the proceedings we are now considering, rendered judgments appointing receivers for said corporation and authorized them to qualify. On August 9, 1965, the court rendered judgment dismissing a rule which had been brought by the present public administrator seeking to have the receivers removed from office. The dismissal was sought on the ground that the stockholders had abandoned the corporation for a period of thirty-four years. An alleged stockholder, Gerald O. Pratt, intervened in the public administrator’s rule, praying that the appointment of the receivers be recalled and that the receivership proceedings be dismissed. Both the public administrator and Pratt perfected appeals from all three of the above mentioned judgments, which appeals are now before us for determination.
The public administrator adopts the position that by virtue of his appointment he, to the exclusion of all others, has the power to administer the land of Standard General Realty Company, Inc., in the Parish of St. Tammany, and that the receivership and the receivers will hamper and interfere therewith. He urges the nullity of the receivers’ appointments on several assigned grounds.
R.S. 9:1585 provides:
“Except as otherwise provided in R.S. 9:151 et seq., as amended, they shall be appointed administrators of all money or other property in their respective parishes which has been abandoned or the ownership of which is unknown and of all the money or other property standing in the name of persons who are absent and-not represented and have not been heard from for eight years or more. It shall be the duty of any person, firm or corporation holding such funds or property to deliver same to the public administrator and his receipt for same shall relieve said person, firm or corporation from all liabilities therefor. The public administrators shall administer such property in the manner provided by law for the administration of vacant succession. As amended Acts 1950, No. 339, § 1; Acts 1952, No. 200, § 1; Acts 1960, No. 497, § 1.”
Under the clear, unambiguous and emphatic language of the section, unless otherwise provided, public administrators shall be appointed administrators (1) of all money or other property in their respective parishes, which has been abandoned or the ownership of which is unknown, and (2) of all money or other property standing in the name of persons who are absent and not represented and have not been heard from in eight years or more.
The former public administrator when petitioning the court for administration of the property of Standard General Realty Company, Inc., was proceeding on the theory that the land was “abandoned” property within contemplation of R.S. 9:1585. The present public administrator attempts to conduct his administration on the same theory, i. e., that the property was abandoned. Quoting from counsel’s brief: “The property owned by this matter was abandoned judicially * * * the statement was made by the then receiver that the property was totally and wholly worthless. * * * Since proceeding No. 421-955 has been pending since April, 1964 and is still pending, * * * the Public Administrator is still the Administrator of the abandoned property of Standard General Realty Company, Inc. * * * ”
Our examination of the record reveals that neither the former public? administrator nor his present successor in office was appointed administrator of any specific property. Their respective appointments are “Administrator of the said above en *601 titled Succession” and “Administrator of this Succession”. The letters issued to the present public administrator denominates his appointment “Administrator of the said above entitled Matter”. No property is mentioned or referred to in either appointment nor is there any designation or description of “abandoned” or other property in the initial petition for administration, or in the motion filed by the present public administrator to he appointed as his predecessor’s successor.
Notwithstanding what is said in the preceding paragraph, counsel for the public administrator insists the authority to administer granted by the Civil District Court for the Parish of Orleans vests the public administrator with powers of administration over the “abandoned” property in the Parish of St. Tammany.
Counsel, of course, contends that the Civil District Court for the Parish of Orleans was the proper forum to authorize the administration because of the circumstance Standard General Realty Company, Inc., had its corporate domicile in New Orleans. Counsel argues in brief: “The Abandoned Property Statute (L.R.S. 9 :- 1585) also says ‘The Public Administrators shall administer such property in the manner provided by law for the administration of vacant successions.’ It is apparent that this means that just like in a succession the proceeding is opened at the last residence and domicile of the decedent, so in a case of a corporation which has abandoned its property the administrator is appointed at the domicile of the corporation. The analogy to the residence of a decedent is made complete by the statute in its last sentence.”
We are of the opinion that the law endows a public administrator with no extra-territorial authority to administer abandoned property. The law makers did and had good reason to provide that authority of public administrators to administer that specie of property would extend thereto when located in their respective parishes. This would provide a simple and expedient method of procedure and administration at the locus in quo.
The concluding provision of R. S. 9:1585 that “The public administrators shall administer such property in the manner provided by law for the administration of vacant succession” does not direct that the judicial proceedings for the administration be instituted in the parish of the domicile of the last owner. In view of the first sentence in the section “they shall be appointed administrators of all money or other property in their respective parishes which has been abandoned” convinces us that the Legislature intended that proceedings for the administration shall be brought by the public administrator in the parish of the situs of the abandoned property, and the property shall be administered in accordance with the last sentence, “in the manner provided by law for the administration of vacant succession.”
When read as a whole the context of R.S. 9:1585 becomes clear and free of all ambiguity. The first sentence and the last sentence are capable of being construed together in perfect harmony. In construing the context of a statute the courts are bound to give effect to it as a whole, and no sentence, clause or word should be construed as unmeaning or as surplusage if a construction can be legitimately found which will give force to and preserve all the words used by the Legislature. Hibernia Nat. Bank in New Orleans v. Louisiana Tax Commission, 195 La. 43, 196 So. 15; State v. Sinclair Refining Co., 195 La. 288, 196 So. 349; Post Office Employees Credit Union of New Orleans v. Morris, La.App., 183 So. 609.
The receivers have excepted to the right of the public administrator to assail the receivership or to challenge their authority as receivers. They assert the appointment of the public administrator to administer *602 the corporate property is invalid. The exception must he sustained.
The appointment of the present public administrator, as well as that of his predecessor, is null and void ab initio for two reasons, first the Civil District Court for the Parish of Orleans had no jurisdiction to appoint the public administrator of the Parish of Orleans administrator of “abandoned” property situated in another parish and, second, a public administrator by law has no extra-territorial powers to administer abandoned property located without his parish.
It is a well settled rule of jurisprudence founded upon justice and common sense that the absolute nullity of a judgment appointing an administrator may be invoked before the tribunal where an attempt is made to enforce it, and by any person whose interest may be affected by the judgment. Carter, etc. v. Cambrice, 1 La.App. 156 (cert. denied), Citing 1 N.S. 8; Quine v. Mayes, 2 Rob. 510; Williams v. Clark, 11 La.Ann. 761; Simpson v. Hope, 23 La.Ann. 557. Adopted in Andrews v. Sheehy, 122 La. 464, 470, 47 So. 771. See also Piernas v. Milliet, 10 La. Ann. 286; Michie v. Armat, 15 La.Ann. 225, 226; Alter v. Pickett, 24 La.Ann. 513, 515; Bush & Goode v. Ewing Chapman-John B. Murison, 24 La.Ann. 277; Edwards v. Whited, 29 La.Ann. 647. See also Decuir v. Decuir, 105 La. 481, 29 So. 932; De Sentmanat v. Soule, 33 La. Ann. 609; Nottingham v. Hoss, 19 La. App. 643, 141 So. 391.
Even if the receivers had not excepted to the capacity of the public administrator to attack the receivership it would have been our bounden duty, under C.C.P. 927, to notice ex proprio motu the lack of a right and a cause of action.
In view of the nullity of his letters of administration, we are constrained to deny the public administrator the relief he seeks and the judgments appealed from must, therefore, be sustained insofar as he is concerned. We do not pass on the legality of the appointments of the receivers. The scope of our decision is that the public administrator has neither the right to administer the St. Tammany property nor to interfere with the internal affairs of Standard General Realty Company, Inc., its receivers or stockholders. Nor do we make any determination as to the status or ownership of the property in St. Tammany or of any rights or obligations of the receivers, stockholders and Standard General Realty Company, Inc., inter sese.
The appeal of Gerald O. Pratt, of course, is also before us. He was an intervenor in the trial court and prayed for nullity of the receivership proceedings. He filed his intervention prior to the dismissal of the administrator’s demands and under these circumstances the intervention should be tried and decided independently of the principal action. C.C.P. arts. 1038 and 1039. The lower court did not pass on the Pratt intervention; the judgment dismissing the public administrator’s rule is silent as to its fate. Inasmuch as Gerald O. Pratt should be entitled to have his incidental demand tried separately and independently of the principal action, we think the intervention should be remanded to the trial court to be there proceeded with in accordance with law. We cannot pass on the incidental demand at this time because there is no evidence in the record upon which an adjudication thereof could be based. Pratt has not even shown he is a stockholder of Standard General Realty Company, Inc.
For the reasons above assigned, the judgments appealed from, insofar as the Public Administrator for the Parish of Orleans is concerned, are affirmed; the intervention of Gerald O. Pratt is remanded to the trial court to be there regularly proceeded with, and the judge below is directed and authorized to render such judgment thereon as may be warranted by the law *603 and the evidence. Pratt is to defray the •cost of his appeal; all other costs in connection with the intervention are to await a final determination thereof.
Affirmed and remanded.