SPOFFORD, J., recused himself.

---

## E. WILLIAMS *v* JAMES CLARK.

A judgment, based upon a defective citation, and an attachment that was set aside, is an absolute nullity, which may be urged as matter of defence by any one having an interest.

A purchaser at a Sheriff's sale, made without a previous seizure, acquires nothing, at least as against a third party in possession.

APPEAL from the District Court of the parish of Jackson, *Richardson*, J. *Rives*, *Rankin* and *Thompson*, for plaintiff and appellant. *McGuire & Ray*, for defendant.

LEA, J. The plaintiff in this case claims a tract of land in virtue of an adjudication made on the 5th July, 1851, at a Sheriff's sale, under an execution issued in the case of the present plaintiff against *John W. Rountree.* The petition sets forth that, on the 15th October, 1850, *Avarida Ansley*, wife of *John W. Rountree*, acting for herself, and pretending to act as attorney in fact for her said husband, transferred to the defendant the land in controversy, which sale, the petitioner avers, is fraudulent, and made without authority.

The plaintiff avers that the defendant, *Clark*, took possession of said property on the 15th October, 1850, and that he, the plaintiff, is entitled to rent at the rate of $150 per annum from the date of his purchase. He also claims $150 as damages for counsel fees. We deem it unnecessary to refer to the suit instituted on the 8th April, 1850, by the plaintiff for the annulment of the judgment obtained by *Mrs. Rountree* against her husband for a separation of property, as we do not consider that it has any necessary connection with the legal questions involved in the issue between the parties.

The defendant avers that judgment, on the execution of which the land was sold, is a nullity, having been brought against an absentee who was never cited, and having no other basis for the jurisdiction of the court than an attachment, which was dissolved; that neither the person nor the property of the defendant was before the court, and that all proceedings based upon the judgment are null and void. The defendant further alleges that no actual seizure was made of the property sold; that there was no legal notice of seizure to *Rountree*, or notice to appoint appraisers, nor was there any appraisement.

The case was submitted to a jury, who found a verdict for the defendant.

The position assumed by the plaintiff's counsel, that the defendant cannot, as against the plaintiff, avail himself of irregularities in the proceedings anterior to the judgment, nor indeed after judgment, is correct, so far as it relates to the omission of formalities which are intended for the protection of the judgment debtor, in which a third party is without interest; but the rule cannot be held

to extend to such omissions as are the basis of absolute nullities. In this case it is urged:

1st. That the judgment is a nullity for the want of a citation or a valid attachment.

2d. That the plaintiff acquired no title under the adjudication under which he claims, there having been no seizure of the property sold.

It appears from the record, and from the allegations of the petition that, at the time the suit against *Rountree* was filed, he had "permanently left the State of Louisiana." A negro boy was seized by virtue of a writ of attachment, but as this writ was set aside, the seizure conferred no jurisdiction on the court; no curator *ad hoc* was appointed to represent the defendant, and had such appointment been made, the curator would have been without authority to represent the defendant after the attachment was dissolved. The citation issued in the case could not be served personally upon the defendant, but, as appears from the Sheriff's return, it was served upon one *Gilbert D. Ansley*, "living in the house with the defendant," said house being situated in the parish of Jackson. It does not appear at what place the service was made upon *Ansley*, and he could not at the time have been living with a person who had permanently absconded from the State, and who had not then, nor, so far as we are informed, at at any time since, returned. The judgment, therefore, being based upon a defective citation and an invalid attachment, which was set aside, was an absolute nullity, which nullity might be urged as matter of defence by any one having an interest to call in question the validity of the judgment.

It is clear, also, that no valid seizure was made of the property adjudicated. The defendant, at the date of the constructive seizure, and ever since, has been in actual possession of the property; no attempt was made to dispossess him. The defendant cannot be held to a constructive notice of an invalid seizure. A purchaser at a Sheriff's sale, made without a previous seizure, acquires nothing, at least as against a third party in possession. See *Stockton* v. *Downey*, 6 An.; *Gaines* v. *Merchants' Bank*, 4 An. 371.

Entertaining these views with reference to the foregoing points, it is unnecessary to enter into any discussion of the other questions presented in the pleadings.

Judgment affirmed.