Hon. J. G. TALIAFERRO, ⎫
Hon. R. K. HOWELL, ⎪
Hon. W. G. WYLY, ⎬ *Associate Justices.*
Hon. W. W. HOWE, ⎭

---

No. 150.—JAMES A. SIMPSON *v.* J. J. HOPE, Sheriff, et al.

The court having jurisdiction over the parish where the defendant resides and has his domicile, has jurisdiction to stay the execution of a judgment that has been rendered against him in another parish. On the trial of such injunction to stay the execution of the judgment on the ground that it was rendered without legal citation, parol evidence is admissible to show the fact. A judgment that has been rendered against a defendant without citation, it is absolutely void, and the fact may be shown whenever and wherever it is sought to be enforced against him.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee, J. Land & Taylor,* for plaintiff and appellant. *Egan, Williamson & Wise,* for defendants and appellees.

WYLY, J. The plaintiff appeals from the decree dissolving the injunction sued out by him to restrain the execution of a judgment obtained in the district court of the parish of DeSoto, by Samuel Van Bibber, against him, on the ground that there was no citation, and because of the alleged slave consideration of the note on which the judgment was based.

Our attention is directed to the bill of exceptions taken by the plaintiff to the ruling of the court in rejecting the parol evidence

offered by him to prove that said judgment was rendered without citation, and that the return of the sheriff was untrue. We think the court erred. Citation is the foundation of the action, and a judgment without it is an absolute nullity. The district court of the parish of Caddo had jurisdiction to ascertain this fact, notwithstanding the rendition of the judgment by the district court of the parish of DeSoto. It would be unreasonable to require a party against whom judgment has been rendered without citation, to leave his domicile and to institute proceedings in a court of another jurisdiction in order to avoid the consequences of an absolute nullity. If the plaintiff was never legally before the court of the parish of DeSoto, as he proposes to prove, and resided at the time in the parish of Caddo, as we infer from the citation and the sheriff's return, why should he seek that tribunal in order to be released from a proceeding to which he was not a party, and which was an absolute nullity from the beginning.

It is therefore ordered that the judgment herein be annulled, and that the cause be remanded with instruction that the plaintiff be permitted to introduce proof in support of his plea that he was not cited, and was not a party to the judgment sought to be enforced against him. It is further ordered appellees pay costs of appeal.