## No. 1007.

### MRS. S. E. MYERS, ADMINISTRATRIX, ET AL. VS. T. G. & F. E. BRIGHAM.

The judgment appealed from, being rendered against all the Defendants indiscriminately and without severance, and being, therefore, indivisible, and proper showing being made in this Court that one of said Defendants was dead at the time the judgment was rendered and the appeal taken, it is ordered, on Motion of the legal representative of the dead Defendant, that the judgment be set aside and the case remanded to the lower Court for the appearance of proper parties.

APPEAL from the Sixth District Court, parish of Morehouse. *Hall,* judge *ad hoc.*

*Todd & Todd* for Plaintiffs and Appellees.

*D. C. Morgan* and *Richardson & McEnery* for Defendants and Appellants.

ON MOTION TO REMAND.

The opinion of the Court was delivered by

BERMUDEZ, C. J. On the sworn and admitted averment of the death of W. A. Gage, represented as one of the defendants in this case,—prior to the rendition of the judgment appealed from, and, therefore, to the taking and perfecting of the appeal obtained in his name, in ignorance of his demise,—counsel for his executor ask the court to annul the judgment, and to remand the case for the appearance of proper parties.

If it be true that Gage had an interest at stake which required assertion for vindication, that he did assert it, that the judgment on it is one by which he can be aggrieved, there can be no doubt that the motion should prevail.

To determine the question presented, we must inquire into the proceedings, but we have no authority to look into the evidence introduced on the trial of the case.

An examination of the pleadings shows that this is a petitory action brought against the defendants as tenants in possession, who, upon disclosing Winston, Morrison & Co. as their landlords, were discharged from further concern. On the representation that the owners named were absentees, a curator *ad hoc* was appointed to them, who answered on their behalf. Winston, Morrison & Co., however, subsequently appeared, together with W. A. Gage, represented as the then sole real owner, all residing in New Orleans; and, by one and the same answer, in which they styled themselves *defendants*, they joined issue with the plaintiff.

The right of Gage to appear and defend the action, as he did, not only does not seem to have been disputed, but, on the contrary, appears to have been admitted. The record discloses that, in April, 1879, a rule was taken on plaintiff, in the name of Winston, Morrison & Co. and of W. A. Gage, as *defendants*, to show cause why testimony should not be read in evidence on the day of trial, and service of it was accepted by counsel for the plaintiff. The judgment was rendered against the *defendants*.

It is stated, in opposition to the motion, that Gage acquired the property in dispute, *pendente lite*, and that he was not a necessary party to the action. C. C. 2453; 16 An. 280; 13 L. 260. We cannot look into the evidence to verify the statement, while considering the motion; but, conceding it to be correct, it is manifest that, as the title, which was made to him, was involved in the litigation, he had a serious interest in joining the defendants, his warrantors. Had they not consented to permit him to appear with them, and had not the plaintiff consented to recognize him as a co-defendant, Gage would have had the undoubted right to intervene, in order to resist plaintiffs' demand, and thus he

would have had a right to be heard and to have his claim and defense adjudicated upon. 16 An. 209. His answer cannot be deprived of its character, but, at worst, should be taken and dealt with as an intervention, tried and determined adversely to him.

It is true that, as a rule, an intervenor must be always ready to proceed, and cannot retard the progress of the suit,—still there are instances in which such party litigant is entitled to a continuance. 32 An. 765. The requirement of readiness implies the fact of existence. It surely never entered into legislative contemplation, to require readiness for trial, on the part of a *deceased* intervenor. In such a case, his representatives should be made parties. C. P. 120; 5 N. S. 431; 3 L. 527; 18 L. 41; 9 An. 42; 8 An. 80; 10 An. 504. It is not even counter-alleged that they knew of his death and of the suit, and permitted the litigation to continue. Those whose interests may be affected by a judgment, may but cannot be compelled to intervene; 14 L. 274; 11 R. 326; but the moment they have entered appearance in that form, and their *status* has been acquiesced in, their right to stand in judgment can no longer be questioned, *and they become parties.* 2 L. 456.

It is true, that the judgment might, on affirmance, be binding on Winston, Morrison & Co., if the representative of Gage had not assailed it; but it is an indivisible entirety, by its very terms, having been rendered indiscriminately against "the defendants." 32 An. 697. The case could not, therefore, be proceeded with here, as regards Winston, Morrison & Co., and remanded, as concerns the succession of Gage, as they were treated by the plaintiff as necessary defendants.

The judgment could be pleaded, if definitive, as *res judicata* against Gage, or the representative of his estate, not because it was rendered against Winston, Morrison & Co. and *assigns*, becoming such *pendente lite*, for we cannot ascertain the fact announced by statement, but because it is rendered against *all the defendants*, Winston, Morrison & Co. and Gage, without severance and *indiscriminately.* On the other hand, had the judgment been rendered in favor of *the defendants*, either of them could successfully set it up, as *res judicata*, in bar to any new action on the part of plaintiff. The judgment having been rendered against an unrepresented dead man, is clearly a nullity. 8 An. 80; 22 An. 23.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled and set aside, and that the cause be remanded to the lower court for further proceedings, agreeably to the motion and according to law, at plaintiffs' costs in both courts.

Mr. Justice TODD, having been of counsel, recuses himself.

Mr. Justice FENNER dissents from the opinion and decree.

## DISSENTING OPINION.

FENNER, J. The motion by the administrator of W. A. Gage dis-

closes, on its face, that Gage was dead at the time when the judgment was rendered and at the time when the appeal was taken in his individual name.

There is, therefore, no judgment against him and no appeal taken by him.

On the motion of a party, against whom no judgment has been rendered, and who is not before us, as appellant or in any capacity, we have no authority, in my opinion, to annul a judgment having no force or effect except between other parties, properly before us as appellants and appellees, and none of whom have applied for any such relief.

Though, on other grounds, I think the relief asked should not be granted, the above alone is a sufficient ground for denying the motion.