NICHOLLS, J.
The plaintiff in this suit <Andrews) sold to George B. Sheehy, the defendant herein, certain real property in the parish of Pointe Coupée. The property sold was held in adverse possession as owners by Albert S. Simmons and Harry B. Perkins. Sheehy, as plaintiff, brought suit to have his title and ownership of the property contradictorily with them recognized and decreed. Fearing that he might be east in that action, though a plaintiff, he called his vendor, Andrews (who was an absentee), in warranty through a curator ad hoc appointed to represent him, and asked for judgment against him contingently should he lose his suit.
The curator as such defended the action. The district court rendered judgment in favor of Simmons and Perkins, decreeing them to be the owners of the property, and simultaneously rendered a personal judgment for money in favor of Sheehy against Andrews ■on his warranty. This judgment was recorded in the parish of Pointe Coupée. Sheehy appealed to the Supreme Court, but on the appeal the judgment was affirmed. 119 La. •608, 44 South. 315. Andrews has brought the present suit, asking that the moneyed judgment against him be decreed an absolute nullity on the ground that he was an absentee, and that he could not legally have been brought into court through a substitute service on a curator ad hoc, and praying that the inscription of the judgment on the records be erased as operating a cloud on his title. Pennoyer v. Neff, 95 U. S. 730, 24 L. Ed. 565; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867; Hobson v. Peake, 44 La. Ann. 383, 10 South. 762; Smith v. McWaters, 7 La. Ann. 146; Pagett v. Curtis, 15 La. Ann. 451; Baker v. Jewell, 114 La. 734, 38 South. 532.
Sheehy resists the demand for the nullity of the judgment and maintains its legality and binding force. He, however, assumed the position of a plaintiff in reconvention, and prayed that, in the event of the judgment being decreed a nullity, he had personal judgment in reconvention against Andrews on his warranty. He prayed that one J. W. Green be cited, and that an act of sale made to him by Andrews of certain property be decreed a simulation, or, if not a simulation, a transfer in fraud of his (Sheehy’s) rights. Green excepted that he could not legally be brought into this action in that manner, and, the district court having sustained that exception and dismissed the suit, Sheehy has appealed. Green urges that he was not a party to the previous suit; that he has no interest in the title to the property involved therein, was in no way connected with the litigation in respect to it; that the position taken by Sheehy that he was entitled to question the reality and legality of the sale of the property made by Andrews to him (Green) because at the time of the institution of the present action his claim in warranty against Andrews had been already liquidated by a *467 judgment was without ' foundation as the judgment so claimed to exist was an absolute nullity, and he was entitled to urge the nullity of that judgment by exception; that, having no judgment against Andrews when the present suit was instituted, Sheehy could not legally make him a party to the present suit wherein he, in the alternative, seeks through a reeonventional demand, contingently advanced against Andrews, to liquidate a demand against him.in warranty.
In the brief filed on behalf of the appellee his counsel urges that a reeonventional demand cannot have for its basis something which may or may not in the future result from the final decision and determination of the main action, that a reeonventional demand cannot be pleaded in the alternative, and consequently based on the possible future existence of a state of facts which would constitute a cause of action if they existed, but which may never exist. What he asks is a cause of action. It is an existing state of facts which forms the basis of a suit. It cannot be defined to be the possibility of the future existence of such a state of facts. Sheehy contends in the present suit that he has obtained a judgment against Andrews on his warranty which is valid and binding. In taking that position, he admits himself out of court so far as his reeonventional demand is concerned; for under such circumstances he will have exhausted against Andrews his cause of action and merged it in the judgment.
Appellee denies that appellant’s demand so far as he is concerned is a reeonventional demand. Appellant contends that at the time that appellee filed the exception which the court sustained a default had been entered against him, and that it was too late for him to file it. He admits that, if it was an exception of “no cause of action,” it was pleadable at. any time, but he denies that the exception filed was such. He contends that the district ■judge based his ruling on the exceptions of misjoinder, illegal cumulation, confusion of actions and conflict in the allegations of the answer and the reeonventional demand, and he should not have done so as those exceptions had been cut off by the judgment of default which had been taken. The record discloses that the exception which was taken up, tried, and disposed of by the court was that of no cause of action.
We think the situation was such at that time as to warrant appellee in filing that exception. His contention was that he could not legally be brought into the suit as a party in manner and form and under the circumstances he was attempted to be brought in; that, as matters stood, there was no legal cause of action against him; that proposition presented an issue which appellee was authorized to present by exception and before answer. It was one which was not cut off by a judgment by default.
Appellant insists that he had the legal; right when Andrews came into court to demand the nullity of the judgment which had been obtained against him to avail himself of the demand against himself so made tO‘ urge a demand on Andrews’ warranty through a reeonventional demand if the original judgment in warranty was a nullity. Article 375, Garland’s Code Brae. (Rev. St. § 3064). We are not for the present dealing with the question as to whether as between Sheehy and Andrews the owner was or was not entitled, under the existing situation of affairs, to set up a defnand against Andrews, on his obligations in warranty through a reeonventional demand, but whether Sheehy had the legal right so far as Green was concerned to make him a party incidentally to that reconventional demand under the existing conditions.
Counsel for appellant says:
“Our position so far as our reeonventional demand is concerned is that of a plaintiff. Why, then, had we not the right to make any person a party to the suit whose rights were involved in the controversy?”
*469 Under the law governing pleadings we had no alternative save to make Oreen a party, and, if we had not done so, Green would have a just cause to complain.
If we had the right to reconvene on the cause of action embraced in our demand, what would it profit us to do so unless we were permitted to make Green a party to have the sale to him set aside. While we might get a judgment against Andrews without the presence of Green in the suit, the judgment would necessarily be restricted to our demand for money, an empty judgment without a thing in sight to satisfy it. On the other hand, with Green a party to the suit, the court may pass upon every phase of the controversy, and should it be ascertained upon the trial of the suit that the judgment which Andrews seeks to annul is valid, Green pays no costs and suffers no injury. If, on the contrary, the court should hold that the judgment is invalid and grant it a valid judgment for the amount involved, Green would be a necessary party to that part of the suit which deals with the sale of Andrews’ property to him.
• It may be urged that Green should not be disturbed in his property rights until it be ascertained in what sum, if any, Andrews was indebted to Sheehy, but the situation here presented answers this argument; for, while Andrews and Sheehy are liquidating the balance between them, the right to the revocatory action against Green may prescribe by the lapse of one year from the date of the sale.
The law permits the revocatory action (Civ. Code, art. 1972 et seq.) only in cases where the debt is liquidated by a judgment, unless the defendant in such action may be made party to the suit for liquidating the debt. If, therefore, Sheehy should bring the revocatory action against Green within a month and 16 days after Green’s dismissal from the present suit, and before final judgment in the case, without making Andrews- a party to the revocatory action, Sheehy would be met by an exception of nonjoinder on the part of Green. On the other hand, should Sheehy make Andrews a party to the revoca-tory action, Andrews would make the objection that the suit between Sheehy and himself to liquidate the difference between them was still pending and not finally disposed oL In the one case Sheehy would be at the mercy of Green, and in the other at the mercy of Andrews, resulting in either case in a dead loss to Sheehy.
Green had an undoubted right to insist when the present action was brought, and in which he was cited as a party, that Shee-hy had not obtained, as he alleged he had, a judgment liquidating his claims against Andrews on his warranty; for, if this was not the actual situation at that time, he had a right to be dismissed from a demand against him which was based upon an unfounded claim that that condition of affairs was then existing. He had the right to drive the plaintiff to the institution of other proceedings which would warrant and justify him (Green) in bringing him into court. In Paxton v. Cobb, 2 La. 139, this court said:
“The Code of Practice does not speak of the nullity of judgments being offered as an exception and directs that suits shall be brought to set them aside, but we believe it to be a general rule of jurisprudence that whenever a man may sue he may except when the matter which he might have annulled in an action is presented as the basis of a judgment against him. The proposition seems to us as true in law as in morals — that what you have a right to attack and destroy you may resist when it is used as a means of injuring you.”
The same doctrine was announced in Bush v. Chapman, 24 La. Ann. 277. In Alter v. Pickett, 24 La. Ann. 515, this court said:
“It is a well-settled rule of jurisprudence, founded upon justice and common sense, that the absolute nullity of a judgment may be invoked before the tribunal where an attempt is made to enforce it, and by any person whose interests may be affected by the judgment”— citing Bernard v. Vignaud, 1 Mart. (N. S.) 8; Quine v. Mayes, 2 Rob. 510; Williams v. Clark, 11 La. Ann. 761; Simpson v. Hope. 23 La. Ann. 557.
*471 See, also, on this subject, Psyche v. Paradol, 6 La. 377; Baldwin v. Carelton, 11 Rob. 109.
The judgment for money rendered by the Court in the original suit—In re Sheehy, 119 La. 608, 44 South. 315—was beyond question quoad Green an absolute nullity.
He had a present right to raise that issue and have it determined. This being the case, and the court having decided it, the question which next arises is whether the court erred in thereupon dismissing him as a party to the suit.
Appellant’s contention is that he has the right to hold Green in court as a “waiting party”; that is, one ready to be hereafter utilized should the judgment heretofore rendered be on Andrews’ present demand to be an absolute nullity, which event happening he proposes through a reconventional demand to obtain hereafter a judgment against Andrews on his warranty, and to ingraft upon it an independent, separate demand against Green, attacking his title not to property involved in the sale from Andrews to himself, but to other property not connected with it. He says that Green will have good cause to complain should he not hold him in court, but, so far from this, Green is before us complaining of Sheehy’s attempt to do this. Appellant’s demand in warranty against Andrews is something other different and distinct from his attack on Green’s title, though the latter may spring out of, and be the result of, the demand on Andrews’ warranty. Green had no legal connection with the warranty obligations of Andrews. He has substantive, independent, and distinct rights of his own to maintain and defend. His presence in the warranty suit could not add to nor take away from Sheehy’s right to a judgment on his warranty. It is only when Sheehy seeks to add to his demand against Andrews on his warranty a resulting but distinct attack against Green that the latter becomes a factor in the casei.
We do not think that this latter attack is any part of Sheehy’s reconventional demand. A reconventional demand according to article 374 of the Code of Practice (French text) is one which the defendant brings himself against the plaintiff in consequence of the demand which he has instituted against him.In the present case Green has made no demand whatever against Sheehy. He has in no manner appeared as a plaintiff. His position throughout has been defensive. Sheehy in this matter is simply attempting to bring into the case under his contingent or alternative demand for a judgment against Andrews on his warranty additional parties on an alleged reconventional demand in support of a supplemental distinct suit. This he cannot do.
We think the judgment appealed from is correct, and it is hereby affirmed.