SOMMERVILLE, J.
This is a petitory action brought against Guinlio Guimbelato, whose name we are told on the brief .was Guilio Guibilati.
An answer was filed by Barbara, Catherine, and Joseph Guibilati and Jone Bordenave, father and natural tutor of his six minor children, who allege that they were in possession of the property sued for, having inherited it from Guil Guibilato, who was dead at the time of the filing of the suit, and that their father had regularly acquired title to said property and had been in possession of the same for more than 30 years.
The record does not show that the case was ever called and fixed for trial, and the minutes of the court do not show that the case was actually tried. There was a note of evidence taken on April 11, 1916, which shows thát the attorney for plaintiff was present and that the defendants .were absent and unrepresented. The only evidence apparently offered on the trial were the title deeds held by the plaintiff. On the same day a judgment was rendered in favor of plaintiff and against “Guinlio Guimbelato,” the original defendant named in plaintiff’s petition, and who was dead at the time that the suit-was filed. There was no judgment rendered against those who had volunteered as defendants and answered plaintiff’s petition.
On the 19th of April, 1916, Joseph, Barbara, and Catherine Guibilati moved the court for a new trial, stating that they were not represented by counsel at the time of the trial and judgment, and that they did not know that the case had been set down for trial. They also stated in their motion that the six minor defendants were no longer represented by their father and natural tutor, or by any one else; and that the person against whom the judgment .was rendered, Guinlio Guimbelato, was not in existence. The motion for a new trial was refused. It should have been granted. Proceedings against a dead man and a judgment against him were irregular, null, and void; and the minors, who had voluntarily appeared through their natural tutor, were not represented at the time of the trial.
On May 17, 1916, Barbara, Catherine, and Joseph Guibilati, with the “maternal uncle” of the six minors, moved for an appeal to this court. On the same day, counsel for plaintiff filed in the trial court the following admission:
“It is admitted by counsel for the plaintiff corporation that the aforesaid G. Guibilati died before the institution of the present suit and that the persons or parties who appeared, and filed an answer and joined issue, are the sole and only heirs of the said G. Guibilati.”
But this admission was not made at the time of the trial or before the rendition of the judgment; and these parties, as before stated, are not mentioned in the judgment.
The court is now informed by counsel for defendants that since the appeal was taken Catherine Guibilati died intestate, that her succession has not 'been opened, and that no tutor has been appointed for the minors appearing in the suit; but counsel does not ask that the heirs of Catherine Guibilati be made parties to the appeal.
The proceedings are irregular; the transcript is incomplete; the interests of minors appear to be largely involved; so the case will be remanded for trial.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be *21 annulled, avoided, and reversed; and that this case be remanded to the district court for the making of proper parties and trial according to law; costs of appeal to be paid by plaintiff appellee.