185 So. 458

**LUDEAU et al. v. JACOB et al.**

No. 34981.

Nov. 28, 1938.

Francis R. Edwards and W. C. Perrault, both of Opelousas, and A. J. Eastham, of Houston, Tex., for appellants.

Atlee P. Steckler, of Ville Platte, and McCoy, King & Jones, of Lake Charles, for appellees.

PONDER, Justice.

The plaintiffs, Emile Ludeau and Jules E. Ludeau, obtained a judgment in the lower court against certain heirs of Robert Jacob, deceased, their heirs, estate and/or legal representatives, ordering the cancel-

lation and erasure of the defendants' pretended title to certain property. The judgment recognized the plaintiffs as the lawful owners of the property and forever quieted them in their possession. From the judgment the appellants, part of the defendants, appealed. Some of the defendants did not appeal. Some of the heirs of Robert Jacob signed a quit claim of their interest in the property to the plaintiffs and these heirs were not made parties to the suit. The suit was brought only against the heirs who had not signed a quit claim to the plaintiffs. It was alleged in the plaintiffs' petition that Ida Jacob's, one of the defendants, whereabouts is unknown. It appears that a curator ad hoc was appointed by the court to represent Ida Jacob, absentee, her estate, heirs and/or legal representatives and that citation was made on the curator ad hoc who appeared for Ida Jacob. After appeal was lodged in this court, the appellants filed a motion to remand the case to the lower court. It is alleged in the motion that Ida Jacob, one of the defendants, died long prior to the date of the institution of this suit and prior to the rendition of the judgment herein in the lower court as will appear by the attached affidavit. In the motion it is suggested that the judgment being indivisible by nature is null, void and of no effect against any party to this suit. The movers ask this court to annul the judgment and to remand the case to the lower court for trial on the merits. Attached to the motion is an affidavit of Leana Joseph Jacob to the effect that she is the daughter of Ida Jacob and that her mother, Ida Jacob, died on the 28th day of April, 1920.

The plaintiffs filed a motion to dismiss appellants' motions to advance and remand contending that the appellants do not set forth the facts and nature of the case as required by Section 4 of Rule 9 of this court. Upon examination of the record we find no motion to advance therein. The rule cited by the plaintiffs is not applicable to a motion to remand. The rule cited applies to the assignment of cases for argument. For the reasons assigned the motion to dismiss is denied.

On the motion to remand the appellants in their brief contend:

A judgment rendered against a person who was dead at the time the suit was filed is null as to all parties, especially when the judgment is indivisible, and its nullity can be invoked by any party in interest. Edwards v. Whited, 29 La.Ann. 647; Myers v. Brigham, 33 La.Ann. 1013.

A curator ad hoc appointed to represent an alleged absentee, who was dead at the time of the institution of the suit, represents the heirs of the deceased only in actions strictly in rem, such as partition and attachment suits and those for the enforcement of mortgages, liens or privileges, but his powers under such an appointment do not extend to the heirs of the deceased, who are not made parties to the suit and who made no appearance therein, in a jactitation or slander of title suit, which is a personal action. Tell v. Senac, 122 La. 1040, 48 So. 448; Lotz v. Iberville Bank & Trust Co., 176 La. 579, 146 So. 155; Hart v. Sansom, 110 U.S. 151, 3 S.Ct. 586, 28 L.Ed. 101.

Since the judgment in this case is null because it was rendered against a person who was dead at the time of its rendition and whose heirs were not made parties, the appellants' motion to set aside the judgment and remand the case should prevail. Myers v. Brigham, 33 La.Ann. 1013; Ponchartrain R. Co. v. Guimbelato, 145 La. 18, 81 So. 740; West v. Green, 15 La.App. 216, 131 So. 595.

In opposition to the appellants' motion the plaintiffs contend:

First: Appellants are without right or interest to contest the judgment, as same may affect Ida Jacob, since her interest is separate and distinct from that of appellants, and they are not her heirs or representatives.

Second: The judgment, even as to Ida Jacob, is not a nullity as contended, but on the contrary, is a valid judgment even as to the separate interest of Ida Jacob and her heirs because (a) legal service was had upon a curator-ad-hoc representing the absentee "and her estate, heirs and or legal representatives," and (b) even in the absence of such designation the curator-ad-hoc acts for the absent defendant if living, and her heirs if dead.

Third: The record in this case is complete, including the probable death of Ida Jacob, so that all issues can be decided by this court without remanding the case for any purpose.

We will first take up appellants' contention that the judgment rendered against several persons one of whom was dead at

the time the suit was filed is null as to all the parties and especially when the judgment is indivisible its nullity can be invoked by any party in interest. In support of this contention the appellants cite Edwards v. Whited, supra. Upon examination of that case we do not find anything to indicate that there was any question raised as to an indivisible judgment and the appellants in their brief in commenting on the case only make this observation, "and its nullity may be invoked by any party in interest," referring to a previous statement to the effect that a judgment rendered against a dead person whose heirs were not made parties is null.

The appellants seem to rely mainly on the case of Myers v. Brigham, supra. In that case it appears there was a petitory action brought against T. G. and F. E. Brigham as tenants in possession and that the Brighams upon disclosing their landlords, Winston, Morrison & Company, that, the Brighams were discharged from further concern. Winston, Morrison & Company being absentees were cited through a curator ad hoc but subsequently appeared together with W. A. Gage, represented as the sole owner of the property. It appears that Winston, Morrison & Company and Gage answered the suit and joined issue with the plaintiff against the defendants. Prior to the rendition of the judgment it appears that Gage died and the judgment was rendered in ignorance of his death. Counsel for the executor of Gage moved this court to annul the judgment and remand the case for the appear-

ance of the proper parties. The judgment was rendered against the defendants without naming them in the lower court. This court in passing upon the motion discussed whether or not Gage was a defendant or an intervenor, but in effect held that in either event Gage was a party to the suit. In opposition to the motion it was contended that Gage acquired the property in dispute pendente lite and that he was not a necessary party to the action. The court in commenting on this stated to the effect that it could not go into the evidence on the motion but, conceding it to be correct, it was manifest that his title to the property was involved in the litigation and he had a serious interest in joining the defendant, his warrantors. The court stated that the judgment on affirmance might be binding on Winston, Morrison & Company if the representative of Gage had not assailed it. The court stated to the effect that judgment was indivisible having been rendered indiscriminately against the defendants and could not be proceeded with as regard to Winston, Morrison & Company and remanded as concerned the Succession of Gage as they were treated by the plaintiff as necessary parties. The court stated that judgment could be pleaded, if definitive, as res judicata against Gage, or the representative of his estate, not because it was rendered against Winston, Morrison & Company, and assigns, becoming such pendente lite, for we cannot ascertain the fact announced by statement, but because it is rendered against all the defendants, Winston, Morrison & Company and Gage, without severance and indiscriminately. It would appear in the first place that the executor of Gage's estate would have a right to attack the judgment as a party at interest because the title of Gage was involved. The judgment having been so indiscriminately rendered there would be no means to segregate or tell what was Gage's interest. Furthermore, Gage's interest would be interwoven with that of his warrantor and that of the lessee of his property. The court correctly set aside the judgment and remanded the case because Gage, or his legal representatives, was a party interested in the entire judgment.

The authorities cited cannot avail the appellants in this motion. From the very face of the record and the affidavit attached to the motion to remand it shows that the appellants have no interest in the estate of Ida Jacob. It shows Ida Jacob has left a forced heir. It appears that the appellants are of the opinion that owing to the fact that they each own an undivided interest in the property and Ida Jacob owns an undivided interest in the property that the judgment is indivisible. The judgment in so far as it is against the appellants could have no effect against the estate of Ida Jacob and the judgment against Ida Jacob, if valid, could have no effect against the appellants. The undivided interest owned by the appellants is free and clear of the interest owned by Ida Jacob. The undivided interest owned by Ida Jacob is free and clear of the interest owned by the appellants. Each of their in-

terest will stand or fall without regard to the other. The right to either interest can be litigated without reference to any of the co-owner's interest. Ida Jacob as owner of an interest holds the interest adversely and to the exclusion of all others. Under the issues presented the appellants would not be a party in interest in the Succession of Ida Jacob and would not have the right to invoke the nullity of the judgment in so far as Ida Jacob is concerned *for the reason they are not affected by it.* If the case was remanded and it was determined that the judgment was a nullity in so far as Ida Jacob was concerned, what could the appellants avail. They do not claim the ownership of Ida Jacob's interest in the property. The only person who would have the right to invoke the nullity would be one whom the judgment affected.

A judgment absolutely null may be attacked by anyone against whom it is sought to be enforced.

The nullity may be invoked by any person who would be affected by the judgment. Bernard v. Vignaud, 1 Mart., N.S., 1, 8; Quine v. Mayes, 2 Rob. 510; Williams v. Clark, 11 La.Ann. 761; Simpson v. Hope, 23 La.Ann. 557, and Andrews v. Sheehy, 122 La. 464, 47 So. 771.

Since we have determined that the appellants are not affected by the judgment rendered in so far as Ida Jacob is concerned it is unnecessary to go into the other issues presented.

For the reasons assigned, the motion is denied.