BOUTALL, Judge.
This is an appeal from a judgment annulling a default judgment. Appellant was plaintiff in a suit on a promissory note and obtained a judgment against appellee by judgment of default rendered and signed on January 30, 1968. A copy of the judgment was personally served on defendant-appellee on January 31, 1968. Defendant-appellee on June 4, 1968, filed a petition to annul the default judgment based upon lack of proper citation, discharge in bankruptcy and other vices. After a hearing, at which appellant made no appearance, the court rendered a judgment, annulling the default judgment obtained in the original suit. This appeal stems from this judgment.
It is argued to us that there are two basic issues involved in the nullity of the original judgment. One is the fact that the original defendant was adjudicated a bankrupt and received a discharge in bankruptcy during the course of these proceedings. However, it is admitted on appeal that the dates of the adjudication and discharge were in error and consequently this issue has been abandoned. The other issue is the lack of proper citation, and, although the citation is regular on its face, considering the uncontradicted testimony of appel-lee, it appears that there is probably sufficient basis to maintain the judgment appealed from. However, we are not able to determine the merits of these two issues, because of the procedural posture of the case.
Although the judgment appealed from recites that it is pronounced upon the exception and merits of this cause, the record *716 reflects that it is not the merits and exception arising from the petition for nullity that was under consideration at that time, but the hearing was had upon a rule to show cause and the exception to that rule. In this regard it is well to set out a calendar of procedural events.
On June 4, 1968, the defendant, Victor Gagliano, cast in the original default judgment, filed a petition of nullity against the original plaintiff, League Central Credit Union, and citation was issued in accordance with the petition. To this petition, on July 12, 1968, the Credit Union filed an exception of no cause of action based upon the regularity of the default proceedings and asserting that the discharge in bankruptcy is a special defense that was not specially pleaded, hence ineffective. On April 30, 1970, the attorney for Gagliano filed a motion to fix for trial the exceptions and merits. This motion was not signed until a later date at which time it was apparently changed.
On May 14, 1970, Gagliano filed a rule to show cause why the judgment rendered on January 30, 1968, should not be declared null and void and be formally vacated and set aside for the reasons alleged in the petition filed on June 4, 1968. This rule to show cause was set for trial May 25, 1970. On May 22, 1970, the Credit Union filed a motion for a continuance of the rule together with an exception that the rule to show cause was improper because of unauthorized use of summary proceedings, article 926(3) of the Code of Civil Procedure, and asserting that Gagliano could not convert his pending suit via ordinaria to a summary proceedings.
The record reflects that the motion for a continuance was not signed immediately and thus on May 25, 1970, when the rule to show cause came before the court, the court continued the matter without date. Thereafter, on July 6, 1970, the judge signed the motion for a continuance continuing the rule until July 20, 1970. At the same time, the judge apparently changed the prior motion to set for trial to read exceptions and rule, rather than exceptions and merits, and signed that order setting the hearing also on July 20, 1970.
On July 20, 1970, the Credit Union and its attorney were not present, but Gagliano and his attorney were present, and the court proceeded to a hearing. It is apparent under these circumstances that the hearing on July 20th, was on the exception and the rule to show cause, and the resulting judgment was on that matter, and not on the original petition. We further note, that the record does not show any answer having been filed, and thus the trial could not have been set on the merits of the petition. LSA-C.C.P. art. 1571.
Thus, since the matter before us is not an appeal from the judgment on the merits on the petition, but from the judgment on the rule to show cause and the exception pertaining thereto, we must first examine the validity of the exception in order to reach a disposition on the merits of the rule. The issue we must decide is whether the appellee may use summary proceeding to obtain the nullity of the default judgment, or must he use petition and citation.
This is an action of nullity brought under LSA-C.C.P. art. 2002(2). We have previously held that such an action of nullity is an ordinary proceeding and that citation and service are essential to it. (LSA-C.C.P. art. 1201); Columbia Radio and Supply Company v. Jordan, 215 So.2d 553 (La.App. 4th Cir., 1968); Garnett v. Ancar, 203 So.2d 812 (La.App. 4th Cir., 1967). It cannot be converted into a summary proceeding by a rule to show cause. The exception should have been maintained and the rule to show cause dismissed.
Since there still remains the petition for nullity and the exceptions thereto, the case must be remanded to the trial court for further proceedings.
For the foregoing reasons, the judgment is set aside and annulled, the dilatory exception of unauthorized use of summary *717 proceeding is maintained, and the matter is now remanded to the lower court for such additional proceedings as the nature of the case may require, consistent with the views expressed herein. All costs to await final determination of the case.
Annulled and remanded.