384 So.2d 1023 (1980)
Clarence BILLIOT, d/b/a Live Oak Seafood Co.
v.
SEA LIFE, INC., Angelo C. Kogos, Nicholas Kogos, and Angelo P. Kogos.
No. 11221.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1980.
Ross P. LaDart, Harvey, for plaintiff-appellant.
Edmond J. Harris, New Orleans, for defendants-appellees.
Before GULOTTA, GARRISON and CHEHARDY, JJ.
GULOTTA, Judge.
Clarence Billiot, d/b/a Live Oak Seafood Co., appeals from a judgment annulling a prior default judgment in his favor against defendants Angelo C. Kogos, Nicholas Kogos, and Angelo P. Kogos. Billiot had sued defendants on an open account in the amount of $44,276.65. Although defendants had filed an answer to plaintiff's demand, their answer was later stricken from the record as a sanction for their failure to comply with an order compelling discovery. On the same day the answer was stricken (March 9, 1979), plaintiff entered a preliminary default against the individual defendants. Approximately a month later, plaintiff confirmed the default and on the same day (April 11, 1979), a judgment against defendants in the full amount prayed was *1024 signed. Judgment was not rendered against the corporate defendant, Sea Life, Inc.
Angelo C. Kogos filed a petition to annul the judgment, in which he was joined by Patricia Burglass, wife of/and John L. Gohres, and Eunice Clesi, wife of/and Ronald L. Black. (All hereinafter called Gohres-Black). Gohres-Black had purchased from Angelo C. Kogos a piece of real property, against which the default judgment in plaintiff's favor had been recorded prior to the recordation of the Gohres-Black act of sale. Nicholas Kogos and Angelo P. Kogos later filed a separate petition for nullity on their own behalf.
In written reasons for judgment annulling the default judgment, the trial judge, in part, concluded that proper notice was not given to the Kogoses of the hearing on the motion to impose sanctions and that this failure violated the Kogoses' right of procedural due process. The trial judge, citing Ludeau v. Jacob, 191 La. 427, 185 So. 458 (La.1938) further concluded that Gohres-Black had the right to annul the default judgment, because a judgment absolutely null may be attacked by anyone against whom it is sought to be enforced.
Billiot points out that defendants were personally served with the original petition on the open account, that personal service was made on the Kogoses to compel attendance for the taking of depositions, that defendants received personal service of the notice of judgment compelling the taking of the depositions, and that notice of the rule to apply sanctions (resulting in the judgment to strike defendants' answer) was served on the attorney for defendants. Under these circumstances Billiot claims no grounds exist under LSA-C.C.P. arts. 2002-2004 for granting a nullity of judgment. We reject this contention.
LSA-C.C.P. art. 2002, in pertinent part, provides:
"A final judgment shall be annulled if it is rendered:
* * * * * *
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;..."
In the determination of whether a valid default judgment had been granted, it is necessary to ascertain if proper notice was given to defendants of the hearing to impose sanctions, which resulted in the striking of defendants' answer permitting the confirmation of the default judgment. In this connection, the record reveals that although the original motion for sanctions had been served on defendants' attorney, it was not heard on the day originally set, but was continued. Two days after the continuance, but before notice of the hearing date was sent out, defendants' attorney withdrew as counsel of record. After he had withdrawn, he was served with notice of the new date of the hearing to impose sanctions. No notice was sent to defendants. Neither defendants, nor their attorney who had earlier withdrawn, nor any other attorney represented defendants at that hearing. Under these circumstances, we conclude, as did the trial judge, that the default judgment was null because defendants had received no notice of the hearing of the motion for sanctions.
Billiot's rule to impose sanctions for failure to comply with a discovery order, under LSA-C.C.P. art. 1471,[1] resulted in *1025 striking defendants' answer and the confirmation of the default judgment. The stringent sanctions set forth in LSA-C.C.P. art. 1471 permit, in addition to striking the answer, the granting of a default judgment or a finding of contempt. Necessarily a hearing to impose sanctions requires proper notice. See LSA-C.C.P. arts. 224 and 225. Service of notice on an attorney who has withdrawn prior to receipt of that notice is insufficient. Having so concluded, we hold that the order striking the defendants' answer was null and the default judgment is invalid. See LSA-C.C.P. art. 2002(2).
Further, we find no merit to Billiot's argument that the trial judge erred in directing a judgment to the recorder of mortgages, ordering him to cancel the inscription of the April 11, 1979 judgment, where no mandamus was sought and the recorder of mortgages was not made a party defendant. It is true that a mandamus is the proper remedy to compel the recorder of mortgages to cancel an illegal inscription. Dupuy v. Demarest, 342 So.2d 263 (La.App. 4th Cir. 1977), writ denied 344 So.2d 3. However, an application for writ of mandamus is not required until the clerk of court or recorder of mortgages refuses to comply with the request to cancel the inscription. See Wayside Development Co. v. Post, 338 So.2d 1173 (La.App. 2nd Cir. 1976).
In our case, the trial judge simply rendered an order in furtherance of the judgment, without the necessity of a separate mandamus suit being filed. We find no error in the use of judicial economy on the part of the trial judge. Furthermore, the recorder of mortgages (who was not made a party to the suit) is not objecting in this suit to the order. In the event the recorder raises that objection at a later date in the proceedings, that matter can be taken up by the trial judge.
On the other hand we do find merit in Billiot's argument that the trial judge erred in annulling the original default judgment against Nicholas Kogos and Angelo P. Kogos. Their petition for nullity, filed separately from that of Angelo C. Kogos and Gohres-Black, was not served on Billiot. An action for nullity is an ordinary proceeding requiring citation and service. League Central Credit Union v. Gagliano, 261 So.2d 715 (La.App. 4th Cir. 1972); Garnett v. Ancar, 203 So.2d 812 (La.App. 4th Cir. 1967). Absent citation and service, an ordinary proceeding is absolutely null (LSA-C.C.P. art. 1201), and requires that the judgment annulling the default judgment in favor of Nicholas Kogos and Angelo P. Kogos be vacated and set aside.[2]
Accordingly, the October 23, 1979 judgment of the trial court in favor of Angelo C. Kogos, Patricia Burglass, wife of/and John L. Gohres, and Eunice Clesi, wife of/and Ronald L. Black, annulling the April 11, 1979 default judgment is affirmed. The October 23, 1979 judgment in favor of Nicholas Kogos and Angelo P. Kogos annulling the April 11, 1979 default judgment is rescinded, vacated and set aside. The matter is now remanded for further proceedings not inconsistent herewith. Assessment of costs is to await the outcome of the litigation.
AFFIRMED IN PART; RESCINDED IN PART, AND REMANDED.
NOTES
[1] LSA-C.C.P. art. 1471 reads as follows:

"Art. 1471. Failure to comply with order compelling discovery; sanctions.
If a party ... fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
* * * * * *
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
[2] Billiot's exception of no right or cause of action and his answer to the petition for nullity were directed only against the first petition, filed by Gohres-Black and Angelo C. Kogos. Therefore, Billiot never made a general appearance in the Nicholas Kogos and Angelo P. Kogos suit for nullity, nor did Billiot waive citation and service of process of that petition for nullity.