389 So.2d 721 (1980)
Wendell E. TANNER et al.
v.
TRAVELERS INSURANCE COMPANY et al.
No. 11048.
Court of Appeal of Louisiana, Fourth Circuit.
May 13, 1980.
On Rehearing October 9, 1980.
*722 H. Martin Hunley, Jr., and David S. Kelly, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for plaintiffs-appellants.
Harry R. Morgan and Paul L. Billingsley, Luling, for defendants-appellees.
Before GULOTTA, SCHOTT and CHEHARDY, JJ.
SCHOTT, Judge.
Plaintiffs, Wendell E. Tanner, Thomas A. Lussen and L. H. Olivier, have appealed from a judgment which dismissed their suit against Joseph E. Champagne to annul a previous judgment against Champagne, dismissing his earlier suit against Travelers Insurance Company as of non-suit and without prejudice. The present suit by appellants was dismissed on exceptions of no right or cause of action filed by Champagne. As a result of the earlier dismissal of Champagne's suit against Travelers Champagne has instituted this suit against appellants who were his attorneys in the Travelers' suit, alleging that the dismissal of his suit against Travelers was the result of negligence or malpractice on the part of appellants. The principal issue is whether appellants have a right of action to assail the judgment in favor of Travelers dismissing Champagne's suit against it.
Champagne, represented by appellant Tanner, filed a tort suit on December 10, 1970. On July 2, 1973, Champagne discharged Tanner as his counsel and retained Thomas A. Lussen and L. H. Olivier, the other appellants, to represent him. On April 18, 1974, judgment was rendered in that suit dismissing Champagne's case as of non-suit and without prejudice on the basis that appellants had failed to appear at a hearing on a rule to show cause issued by the district court ex proprio motu because of appellant's failure to attend the previously scheduled pre-trial conference in the case. On August 9, 1977, Champagne instituted a malpractice suit against appellants and their professional liability insurer. Therein Champagne alleged that while his suit was pending he attempted to contact his attorneys on numerous occasions to no avail, and in March, 1977, contacted his present counsel to check on the proceedings and determine their status, whereupon in the latter part of March, 1977, he was advised by his present counsel that his suit against Travelers had been dismissed on April 18, 1974. Champagne further alleged that he lost his cause of action because of the negligence of appellants in the handling of his lawsuit against Travelers.
Appellants responded to the petition with an exception of prematurity on the ground that Champagne had not alleged an attempt to reinstitute the suit or that he had been met by any plea in bar of his suit. Thereafter, appellants repeatedly called upon Champagne to reinstitute his tort suit, offering to do this work at their expense. When Champagne refused to take such action appellants filed the present suit to annul the judgment of April 18, 1974. Champagne responded with exceptions of res judicata and no right or cause of action, and the trial court maintained the exceptions of no right or cause of action dismissing appellants' suit.
Because of our ultimate disposition of the judgment on the exception of no right of action there is no necessity for us to address the issue of whether plaintiffs' petition states a cause of action. However, plaintiffs' suit appears to be based on the provisions of LSA C.C.P. Art. 2002(2) which provides that a final judgment shall be annulled if it is rendered
"against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;"
Appellants take the position that in the action of nullity they were not notified of *723 the rule to show cause why Champagne's suit against Travelers should not be dismissed. In effect, they contend that Champagne, as the defendant in that rule, was not served with process, i. e., not notified so that the judgment dismissing his suit based on that rule should be annulled. We pretermit a discussion of this aspect of the case, and pass to the exception of no right of action because it is dispositive of the case.
The exception of no right of action is defined as "no interest in the plaintiff to institute the suit." C.C.P. Art. 927(5). The issue is whether these attorneys who have now been made defendants in a malpractice case as a result of their alleged negligence in allowing the judgment to be taken dismissing Champagne's suit against Travelers confers upon them an interest to institute the suit to annul that judgment of dismissal. The jurisprudence is of little assistance in solving the special problem before us, although numerous cases have held that one may have a right of action to attack an absolutely null judgment even though he was not a party to it. For instance, in Ludeau v. Jacob, 191 La. 427, 185 So. 458 (1938) the court said:
"A judgment absolutely null may be attacked by anyone against whom it is sought to be enforced.
The nullity may be invoked by any person who would be affected by the judgment. Bernard v. Vignaud, 1 Mart., N.S., 1, 8; Quine v. Mayes, 2 Rob. 510; Williams v. Clark, 11 La.Ann. 761; Simpson v. Hope, 23 La.Ann. 557; and Andrews v. Sheehy, 122 La. 464, 47 So. 771."
In Andrews v. Sheehy, supra, the court quoted with approval from Alter v. Pickett, 24 La.Ann. 513 (1872) as follows:
"It is a well settled rule of jurisprudence, founded upon justice and common sense, that the absolute nullity of a judgment may be invoked before the tribunal where the attempt is made to enforce it, and by any person whose interests may be affected by the judgment.
In Bernard v. Vignaud, supra, the court said:
"Therefore, a judgment rendered against a person, without citing him in the ordinary manner, without his appearing, or any thing deemed by law equivalent to citation or appearance, is utterly void, and imports such absolute nullity, that anyone the least interested in opposing its effects may have such nullity pronounced." (Emphasis supplied)
In determining whether appellants have a sufficient interest to seek the nullity of this judgment, we are persuaded by the court's decision in Ludeau v. Jacob that although nullity may be invoked by any person who would be affected by the judgment, under the pleadings and facts of the case those appellants were not affected by the judgment and could not maintain their suit. We reach the same conclusion in the instant case.
Appellants claim to be affected by the judgment dismissing Champagne's suit because it makes them vulnerable to Champagne's malpractice suit against them. In order to assess this position, we must consider what Champagne must prove in order to prevail in his malpractice case. In Tassin v. Labranche, 365 So.2d 31 (La.App. 4th Cir. 1978) this court said:
"When a client sues an attorney for damages because of alleged mishandling of litigation, the client bears the burden of proving the neglect was the proximate cause of the client's loss. It is incumbent upon the client to prove by a preponderance of the evidence, that except for negligence on the part of the attorney, the litigation would have resulted in a decision most favorable to him."
Thus, in order for Champagne to prove his case against appellants he must show that except for negligence on the part of appellants the litigation would have resulted in a decision in his favor. The reason why Champagne has lost his case against Travelers up to now is because of his failure to reinstitute his own tort claim against Travelers. Nothing precluded him from refiling his suit after it was dismissed without prejudice, and indeed appellants offered to refile the suit in Champagne's behalf at *724 their expense. Thus, even if appellants were negligent in suffering Champagne's case to be dismissed that dismissal was not the cause of Champagne's loss of his suit, but rather his subsequent failure to reinstitute his suit.
Champagne contends, however, that appellants' negligence consisted not only in their causing his suit to be dismissed but also in their failing to notify him of that dismissal requiring him to obtain other counsel who learned about the dismissal three years after it had taken place. Champagne contends that the lapse of time from the date of dismissal until the date that he was advised thereof made it impossible for him to successfully prosecute his case which arose out of an incident occurring in January, 1970. In other words, Champagne contends that had appellants notified him of the dismissal of his suit immediately after it occurred, in April, 1974, he would have been motivated to refile his suit because it was then possible for him to prosecute the suit successfully, but because he had no knowledge of the dismissal until March, 1977, he lost his ability to prosecute his case successfully because of the passage of time.
If this be the case appellants' vulnerability to Champagne's malpractice action dose not result from Champagne's suit being dismissed in April, 1974, but rather appellants' failure to make this known to Champagne before March, 1977. Thus, even if appellants succeeded in annulling the judgment of dismissal and reinstituting Champagne's suit this would have no effect on Champagne's cause of action based on the passage of time before he learned that his suit was dismissed. Under this theory, the nullity of the dismissal becomes moot and appellants have no interest in asserting this action of nullity.
Accordingly, the judgment maintaining the exception of no right of action and dismissing appellants' suit is affirmed.
AFFIRMED.
CHEHARDY, J., dissented and assigned reasons.
CHEHARDY, Judge, dissenting.
I dissent for two reasons. Appellants have stated a cause of action. As a matter of law appellants were not properly cited because any pleading filed subsequent to the original petition must be served through the sheriff if a court appearance is required. LSA-C.C.P. arts. 1311 through 1314. Additionally, appellants, in my opinion, do have a sufficient interest to seek the nullity of this judgment. I agree with the writer of the majority opinion that "The jurisprudence is of little assistance in solving the special problem before us * * *" but do not agree that the holding in Ludeau v. Jacob, 191 La. 427, 185 So. 458 (1938), is applicable to the case before us.

ON REHEARING
We granted rehearing in order to reconsider whether plaintiffs have a right of action to annul a judgment dismissing an earlier suit brought against Travelers Insurance Company by Joseph E. Champagne when represented by plaintiffs. From the facts and procedural posture of the case, as set forth in our original opinion, which we reiterate to that extent, it is clear that the success of Champagne's malpractice action against the present plaintiffs depends at least to some extent on the validity of the judgment which dismissed his suit against Travelers.
The nullity of a judgment may be brought by any person who would be affected by the judgment. Ludeau v. Jacob, 191 La. 427, 185 So. 458 (1938), and cases cited therein. The nullity of a judgment may be invoked by any person whose interests may be affected by the judgment. Andrews v. Sheehy, 122 La. 464, 47 So. 771 (1908), Alter v. Pickett, 24 La. Annual 513 (1872). In Bernard v. Vignaud, 1 Mart., N.S., 1 (1823), the court said that "anyone the least interested in opposing [the judgment's] effects may have such nullity pronounced." Even though as a practical matter the nullity of the judgment may not affect the ultimate outcome of this case we are satisfied that plaintiffs are affected by the judgment and have at least some interest *725 in having the judgment nullified, such as to confer on them a right of action.
Having reached this conclusion, we must now address the exception of no cause of action which was also maintained by the trial court. We have concluded that plaintiffs have a cause of action under the provisions of LSA C.C.P. Art. 2002(2) which provides that a final judgment shall be annulled if it is rendered
"against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;"
Champagne was the defendant in a rule to show cause why his case against Travelers should not be dismissed. Plaintiffs alleged that Champagne was served with no notice of the trial of that rule, yet his case was dismissed. We have concluded that the cited and partially quoted article does confer on plaintiffs a cause of action to annul that judgment dismissing Champagne's suit.
We are also confronted in these proceedings with a motion by plaintiffs to recuse the trial judge, Honorable Thomas J. Malik on the ground that he would be a fact witness adverse to plaintiffs on the merits of the nullity action. Although it was unnecessary for us to address this issue in our original opinion it now becomes necessary to do so since the case will be remanded for trial.
The motion stemmed from the trial judge's comments during the trial on the exceptions now on appeal in which he expressed his appreciation of disputed factual matters occurring in his court when Champagne's suit was originally dismissed against Travelers and from the following statement Judge Malik incorporated into his "amended judgment on Exception" dismissing plaintiffs' suit:[1]
"The exception of no right or cause of action filed by defendant, JOSEPH E. CHAMPAGNE, is maintained. The judgment plaintiffs sought to annul in this action was properly rendered, following notice to plaintiffs pursuant to the rules of this Court. Also, prior to the judgment of dismissal complained of by plaintiff, this Court personally called and spoke with plaintiffs regarding their failure to appear at a hearing. Accordingly, adequate notice was furnished. Accordingly, defendant exceptor JOSEPH E. CHAMPAGNE is dismissed from plaintiff's suit." (Italics ours)
While the only issues before the court were the exceptions of no right or cause of action the trial judge erroneously directed his attention to the merits of the nullity action by considering whether Champagne had been properly served with the rule to show cause why his suit against Travelers should not be dismissed. At one point the judge stated that he called plaintiff Tanner on the telephone "looking for excuse as to why they were not present, and it was Mr. Tanner's statement to me that they either lost track of their client or they had abandoned the suit."
At another point in the trial on the exceptions the judge called the clerk of court to the witness stand and took some testimony from him with respect to the mailing of the rule against Champagne to plaintiffs.
The merits of the nullity suit are not before us, and the record containing the judgment sought to be annulled is not a part of the present record so that we do not express any opinion as to the sufficiency of service of the rule against Champagne under the provisions of C.C.P. Arts.1313 and 1314. However, it appears that the trial judge will consider notice by mailing and perhaps actual knowledge on the part of plaintiffs of the assignment for trial of the rule against Champagne to be relevant to plaintiffs' case to annul the judgment on the rule. Under these circumstances the trial judge will be witness adverse to plaintiff on facts which he apparently deems significant and relevant. As a material witness in the cause he should be recused as its judge. C.C.P. Art. 151.
*726 Accordingly, the judgment of December 19, 1978, amended on December 27, 1978, maintaining exceptions of Joseph E. Champagne and dismissing plaintiffs' suit is reversed and set aside and there is judgment in favor of plaintiffs Wendell E. Tanner, Thomas A. Tassen and L. H. Olivier and against Joseph E. Champagne, overruling his exception of no right and no cause of action.
The judgment of March 15, 1979, denying plaintiffs' motion to recuse Honorable Thomas J. Malik is reversed and he is recused from this case.
The case is remanded to the district court for further proceedings. The costs of this appeal are taxed against Joseph E. Champagne and other costs are to await the outcome of this case.
REVERSED AND REMANDED.
NOTES
[1] This simply amended the judgment now on appeal to correct some technical errors.