KLEES, Judge.
Plaintiff-Appellant in this action, Arthur Harris, appeals the dismissal of his suit on an exception of prescription.
He urges that “the trial court erred in rendering judgment without having a hearing at which plaintiff and his counsel were notified to appear” and that “the trial judge erred in not giving plaintiff time to amend as mandated by C.C.P. 934”.
The record in this matter reveals that a petition was filed on August 31, 1978, and exceptions to the petition were filed by defendants on January 10, 1979. After several settings of the exceptions and continuances, the matters were finally set for October 3, 1980. When the matter came up on the docket, plaintiff-appellant did not appear, and the trial court granted the exception of prescription and dismissed plaintiff-appellant’s suit.
A careful review of the record reveals that no service of the notice of the October 3, 1980 hearing was made on plaintiff-appellant or his attorney. Defendant-Appel-lee urges in argument, that plaintiff-appellant has filed no motion for new trial, nor action for annullment of the judgment, and suggests that an appeal is not proper in this instance.
Dealing with this issue in an analagous situation this court held that a suit to annul by the plaintiff was a proper remedy when the plaintiff was not notified of a rule. Tanner v. Travelers Co., 389 So.2d 721 (La.App. 4th Cir. 1980) at 725.
Having reached this conclusion, we must now address the exception of no cause of action which was also maintained by the trial court. We have concluded that plaintiffs have a cause of action under the provisions of LSA C.C.P. Art. 2002(2) which provides that a final judgment shall be annulled if it is rendered,
“against a defendant who has not been served with process as required by law, and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;” Champagne was the defendant in a rule to show cause why his case against Travelers should not be dismissed. Plaintiff’s alleged that Champagne was served with no notice of the trial of that rule, yet his case was dismissed. We have concluded *20 that the cited and partially quoted article does confer on plaintiffs a cause of action to annul that judgment dismissing Champagne’s suit.
It is quite clear that the court considered the term “defendant” in 2002(2) to include a plaintiff who is a defendant in a rule to show cause.
Nonetheless, the action of nullity is not an exclusive remedy. Here, the appellant was not properly cited because any pleading filed subsequent to the original petition must be served through the sheriff if a court appearance is required. See: Owens v. H & L Enterprises, 383 So.2d 23 (La.1980).
Accordingly, we conclude that the rule sustaining the exception of prescription be reversed and set aside and remand this matter to the trial court for a hearing on the exception of prescription after service in accordance with law.
REVERSED AND REMANDED.